**Interstate Traveller Services, Inc. v. Department of Environmental Resources**

*Ronald M. Katzman* and *Joseph J. Savitz,* for appellant/respondent/defendant.

*John P. Krill,* for Commonwealth.

*Richard L. Campbell,* for intervenor/permittee.

*David A. Flood,* for Boggs Township.

WATERS, *Chairman,* March 12, 1981—This matter comes before the board as an appeal from an order by DER requiring Boggs Township Authority (Township Authority) to abandon its sewage treatment plant, which DER considered to be an interim plant, and connect to the newly constructed Mid-Centre Authority Sewage treatment plant. Township Authority and Interstate Traveller's Service (ITS) which actually constructed the plant, allege that the plant is adequate, was not an interim plant, and therefore should not be closed during its useful life. In addition, ITS argues that two other potential users, should be made to connect to the Township Authority plant.

## FINDINGS OF FACT

1. Appellants are Interstate Traveller Services (formerly Tri-County Oil Corp.), the corporation

which constructed the treatment plant and appellant Boggs Township Authority.

2. Appellee is the Department of Environmental Resources hereafter DER.

3. Intervenor is Mid-Centre County Authority, formerly Milesburg-Boggs Township Authority, Inc.

4. In 1970, Centre County completed the Centre County Comprehensive Water and Sewer Plan which recognizes the regional concept in the Mid-Centre County area, contemplates the creation of the Mid-Centre County Authority and includes the interchange as part of its service area.

5. In 1971, ITS commenced construction of a truck plaza at Milesburg Interchange on Interstate 80 and which used holding tanks for at least one year as a sewage disposal system.

6. Early in 1973, ITS applied to DER for a Sanitary Sewerage Permit. On this date, ITS wrote DER proposing a designed capacity based upon ITS's estimates of gallonage flow required for its operation.

7. On or about June 15, 1973 an agreement was consumated between ITS, DER and Boggs Township. The date of the agreement is in dispute and could have been executed October 10, 1973.

8. On October 16, 1973 DER issued the permit for the ITS package treatment plant standard condition number 26 which provides:

"If facilities become available for conveying the sewage to and treating it at a more suitable location, upon Order from Department of Environmental Resources, the permittee shall provide for the discharge of the sewage to such facilities and shall abandon the use of the herein approved treatment works."

9. In 1974 the ITS treatment plant was constructed and put into operation at a cost of approx-

imately $250,000. On October 10, 1973, an agreement was entered between Boggs Township Authority and Tri-County Oil wherein Boggs Township Authority agreed to purchase the ITS treatment plant at whatever figure it cost ITS to construct, which construction costs were to be determined solely by ITS.

10. At all times relevant to this proceeding, Mid-Centre County Authority held a DER permit to construct a sanitary sewerage system including Milesburg interchange at I-80 in its service area and which also provided for a treatment plant to be located in the same general area where it was finally constructed. Mid-Centre County Authority continued to work toward fruition of the project, which was recently completed in 1980 after a number of changes along the way.

11. On September 13, 1979, DER issued an order to Boggs Township Authority to abandon the ITS package plant and discharge all sewage to Mid-Centre County Authority plant thereby revoking its permit.

12. In the event that Sheraton and ITS do not connect to the regional facility, the cost to each residential user will increase from $190 to $199.70 per year, and the cost to each commercial user will increase from $316 per EDU to $427.30 per EDU.

13. Boggs Township Authority has not consistently made payments to ITS for the plant which it is obligated to purchase.

14. DER has issued orders to Roadway and Baldeagle Joint School District, similar to the one issued to ITS, requiring them to connect to the new Mid-Centre County Authority treatment plant.

15. Neither Roadway nor Baldeagle Joint School District appealed the DER order, but ITS did, based on an intention to have them use its plant.

16. The Mid-Centre County Authority plant has

a treatment capacity for 1.0 MGD and has duplicate units for emergency service and is a thoroughly modern facility located just across the road from the ITS plant.

## DISCUSSION

The Boggs Township Authority is the owner of a treatment plant which was constructed by ITS off route I-80, at the Milesburg Interchange. The plant was originally projected for a capacity of 125,000 gpd but is presently capable of treating only 60,000 gpd.[1] The plant is presumed to have a life expectancy of more than 15 years and was placed in operation in 1973. It presently serves the ITS facilities at the Interchange but was intended to also serve a Roadway trucking facility.[2] In fact, ITS was under the impression that DER would require Roadway and others to connect to the ITS plant.[3] We are satisfied that this was at one time contemplated, but the closer the time came for the larger Mid-Centre County Authority plant opening, the less DER was interested in this solution. ITS now argues that DER should be required to order Roadway and other customers in the immediate area, to hook onto the ITS plant, rather than the Mid-Centre County Authority plant. DER contends that ITS should not even be permitted to mount such an argument, for want of standing. We dis-

---

1. ITS had expected greater growth in the area than has actually occurred to date, and the projection was based on this anticipation. The plant can easily be upgraded to meet a higher figure.

2. Roadway was also ordered by DER to hook onto the new Mid-Centre County plant, and has not appealed that order.

3. The Baldeagle Area Joint School District and Sheraton Hotel were also to be customers of ITS. Although we refer to the plant as ITS's, in fact it is owned by Boggs Township Authority but is not yet fully paid for.

agree. In Interstate Traveller Services, Inc. v. DER, 486 Pa. 536, 541, 406, A. 2d 1020 (1979), involving the same parties as here, the court (Larsen, *J.*, opinion in support of affirmative) said:

"Although the complaint speaks in terms of harassment, coercion and interference with contractual rights, it is clear from the complaint that DER (and the regional authority) exercised administrative judgment that was allegedly injurious to appellants, and it is this judgment which is being collaterally challenged by means of the complaint in equity. Whether or not DER's authority was exercised improperly is a matter that could have and should have been heard by the EHB, the body with the requisite administrative expertise to competently resolve the matter in the first instance."

We therefore conclude that the issue is properly before us. We do not agree however, that DER was in error in failing to order Roadway and others to connect to ITS's plant. There is ample evidence that indicates ITS has failed to meet the requirements for phosphate removal and that there are other operational problems at the plant.[4] While we do not deem these to be serious violations, in the context of other facts elicited, and regardless of whether we would have had a different view *prior* to the availability of the Mid-Centre County Authority plant, we can find no abuse of discretion by DER.

We come now to the key issue in this case. The parties have debated long and well the question of whether this is an "interim plant," and thus to be phased-out when the new Mid-Centre County plant

---

4. The removal level to a concentration of 0.4 mg/1 of phosphorous based on a 5-day average has not been achieved. The monthly inspection reports have not been filed regularly with DER as required by Standard Condition 18 of the permit.

became available—which it now is. Although this is an interesting question and there is some supporting evidence on both sides, we believe it is largely irrelevant.

We believe that DER has the authority to order, under proper circumstances, a consolidation of a small package sewage treatment plant into a larger more comprehensive area plant whether or not the small plant has been specifically designated as "interim" by the parties.[5]

In construing the Pennsylvania Sewage Facilities Act of January 24, 1966, P.L. (1965) 1535, as amended, 35 P.S. §750.1 et seq., and the Clean Streams Law of June 22, 1937, P.L. 1987, as amended, 35 P.S. §691.1 et seq., DER can properly decide as a policy matter to oppose the proliferation of sewage treatment plants. Much has been said about standard condition no. 26 of the ITS permit, which provides that the ITS plant will be abandoned when treatment facilities become available at a "more suitable location." Because the new Mid-Centre County Authority plant is virtually at the same location as is the ITS plant, ITS argues that the condition does not apply here. We believe that it does. In making a determination of whether a particular place for sewage treatment is "more suitable" we do not believe one is bound to look only at the situs of the property. The emphasis should be placed more on the word "suitable" than "location." Again, we believe DER must have consider-

---

5. Although the ITS plant was not so designated by an agreement entered with DER in 1973, it seems clear, as time elapsed, that all parties began to see it as such. We refused, based on the parol evidence rule to allow DER to show that the parties *originally* intended the plant to be "interim" in nature. It is the changed circumstances, not the original agreement which are now relevant.

able discretion in this matter of consolidating area-wide treatment facilities. In Pocono Haven Truck Plaza v. DER, 1 EHB 139, (1972) this board allowed a business operated at a truck stop on I-80 to construct and operate a private treatment plant under given conditions, with the understanding that he would connect to a new treatment plant and abandon his own, when it became available. In Bedford Springs Hotel v. DER, 1977 EHB 284, EHB Docket no. 76-055W, ([October 28, 1977]), appellant wanted to construct a private plant rather than continue to have its sewage treated at the Borough plant. We there said: "As a matter of policy, all things being equal, the DER and this board would prefer to have sewage given secondary treatment at a newly constructed municipal plant, which is possible in this case." Although we are convinced that the ITS plant is, or can become, minimally adequate, having seen both plants and considering all of the expert testimony, we believe the Mid-Centre County Authority plant to be a more suitable location, within the meaning of standard condition no. 26.

The final, and most difficult question raised by these proceedings, is—what should be done with the ITS plant, which does, we believe, still have some useful life. We believe it would be unreasonable in these inflationary times, to simply abandon immediately a plant which has some useful life and which is not yet paid for.[6] Considering all of the evidence, including the fact that this plant has not been operated at peak efficiency, we believe a reasonable period of 24 months should be allowed for a phase-out of the ITS plant and connection to the Mid-Centre County Authority plant.

6. Boggs Township Authority is purchasing the plant from ITS, but payments have been sporatic.

## CONCLUSIONS OF LAW

1. The board has jurisdiction over the parties and subject matter of this appeal.

2. Appellant ITS has standing to raise the question of whether two other parties, which were served with the same order as here under appeal, can be ordered to connect to the ITS plant, notwithstanding the fact that they have filed no appeal from said order.

3. Pursuant to the Pennsylvania Sewage Facilities Act of January 24, 1966, P.L. (1965) 1525, as amended, 35 P.S. § 750.1 et seq., the Clean Streams Law of June 22, 1937, P.L. 1987, as amended, 35 P.S. § 691.1 et seq., and Rules and Regulations DER may properly order a small municipal treatment plant which has only minor operational problems, to discontinue operation and to connect to a larger more modern facility, at a more suitable location.

4. Where a small treatment plant is phased-out by DER, reasonable consideration must be given to the urgency of environmental factors, as well as the remaining useful life of the older plant, and the economic implications of the decision.

5. Under the facts of this case, DER should allow appellant ITS 24 months from the date hereof to connect to the new Mid-Centre County Authority treatment plant.

## ORDER

And now, March 12, 1981, the appeal of Interstate Traveller Services filed EHB no. 79-158-W is hereby dismissed. DER is hereby ordered to amend its order of September 13, 1979, and to allow appellants at least 24 months to phase-out their sewage treatment plant and to connect to the Mid-

Centre County Authority Sewage Treatment plant, conditioned upon the proper maintenance and operation of the plant.