## Gruver v. Pa. Home Owners
## Warranty Council, Inc.

*Robert P. Grim*, for plaintiffs.
*James A. Stapleton* and *M. Richard Komins*, for defendant.

SAYLOR, *J.*, December 6, 1982—Defendant's preliminary objections to plaintiffs' complaint are before us for decision. In this action plaintiffs seek damages for breach of a home warranty agreement and for violations of the Unfair Insurance Practices Act.[1] Defendant asks us to dismiss the complaint, arguing (1) lack of personal jurisdiction, and (2) failure to state a cause of action.

### I

Defendant's preliminary objection asserting lack of personal jurisdiction is in the form of a petition to set aside service of the writ of summons. As instructed by plaintiffs, the deputized sheriff purportedly served the writ of summons by handing it

---

1. 40 P.S. §1171.5.

to an agent or person for the time being in charge at defendant's usual place of business under Pa.R.C.P. 2180(a)(2).[2] However, from depositions taken in support of this preliminary objection, it would appear that the individual personally served was not an agent or employee of defendant, Pennsylvania Home Owners Warranty Council, Inc. (HOW Council) but rather an employee of an unrelated entity, namely Home Owners Warranty Corporation (HOW Corp.). Furthermore, service was made at HOW Corp.'s regional office in Haverford. HOW Council, whose last office was in Harrisburg, never maintained one in Haverford. On these undisputed facts defendant's objection to service of the writ is well taken and we would have to agree that personal service is lacking but for a complicating fact which raises an interesting question of first impression. After the writ of summons was served the complaint was also served by deputized service in the same defective manner. In other words, once again, following plaintiffs' instructions the deputized sheriff served an agent or employee temporarily in charge of HOW Corp.'s office in Haverford. However, even though the preliminary objections were filed after service of the complaint, no objection was made to the service of the complaint. Plaintiffs assert that failure to object to service of the complaint results in a waiver of such claim. We agree.

Pa.R.C.P. 1010(e) states:

If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff, instead of reissuing the writ, may treat the com-

---

2. Rule 2180(a)(2) requires that process be handed "to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation or similar entity."

plaint as alternative original process and as the equivalent for all purposes of a reissuance of the writ, reissued as of the date of the filing of the complaint. Thereafter, the writ may be reissued or the complaint may be reinstated as the equivalent of a reissuance of the writ and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process.

Under this rule, it is apparent that after commencing an action by writ of summons a plaintiff has the option of treating a complaint as only a pleading or as alternative original process: Boisson v. King, 67 Berks 226 (1975). Obviously, plaintiffs opted to have the complaint serve as alternative original process when they instructed the sheriff to serve it under Pa.R.C.P. 1009 instead of serving it as a pleading under Pa.R.C.P. 1027.

Can defendant's challenge to the writ of summons' service extend to the service of the complaint without specifically raising it in these preliminary objections? We think not. Pa.R.C.P. 1028(a) mandates that "preliminary objections shall state specifically the grounds relied upon." In Harkins v. Zamichieli, 266 Pa. Superior Ct. 401, 405 A. 2d 495 (1979), the Superior Court applied Rule 1028(a) strictly. In Harkins, defendant argued that one count of plaintiffs' complaint should have been dismissed because it failed to plead a specific amount of damages. The court held that "since appellees did not include these grounds among their preliminary objections to the complaint we shall not consider them." Furthermore, we are instructed to refuse preliminary objections in doubtful cases.[3]

---

3. Interstate Traveller Services, Inc. v. Commonwealth of Pennsylvania, Dept. of Environmental Resources, 486 Pa. 536, 406 A. 2d 1020 (1979).

An objection to personal service must be raised by preliminary objections and, having failed to specifically object to service of the complaint in the preliminary objections, defendant under Pa.R.C.P. 1032 has waived this objection: Monaco v. Montgomery Cab, 417 Pa. 135, 208 A. 2d 252 (1965); Tops Apparel Manufacturing Co. v. Rothman, 430 Pa. 583, 244 A. 2d 436 (1968). We, therefore, find that personal jurisdiction obtains here by waiver and we will go on to consider defendant's second objection.

## II

This objection is in the form of a demurrer to both counts in plaintiffs' complaint. The complaint is in assumpsit. Count I alleges a breach of a written home warranty agreement. Plaintiff seek damages for construction defects in their new home caused by the builder, Marshall Developing, Inc. It is alleged that under the agreement defendant warrants plaintiffs against such defects. Defendant contends that an examination of the agreement which is attached to the complaint as Schedule "A" reveals the contrary. The agreement is solely between the builder, Marshall Developing, Inc., and plaintiffs and is signed only by them. Although HOW Council is referred to in the agreement, HOW Council's role as stated in the agreement is merely to arrange certain dispute resolution services such as conciliation and arbitration.

In Count II plaintiffs seek compensatory and punitive damages for gross negligence and for violating Section 5 of the Unfair Insurance Practices Act found at 40 P.S. §1171.5. Defendant argues that the Pennsylvania Supreme Court in D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co., 494 Pa. 501, 431 A. 2d 966 (1981),

concluded that the sanctions under the Unfair Insurance Practices Act enforceable by the Insurance Commission are the exclusive remedies available and a cause of action for bad faith conduct in tort for compensatory and punitive damages does not lie. We agree with all these contentions and sustain the demurrer to both counts.

A demurrer admits all relevant facts pleaded in the complaint and all reasonable inference fairly deducible therefrom, but not conclusions of law: Gekas v. Shapp, 469 Pa. 1, 364 A. 2d 691 (1976). A demurrer can only be sustained if the complaint evidences on its face that the claim cannot be sustained because the law will not permit recovery. If there is any doubt, we must resolve it in favor of overruling the demurrer. A demurrer should be entered only in cases which are clear and free from doubt: Chorba v. Davlisa Enterprises, Inc., _____ Pa. Superior Ct. _____, 450 A. 2d 36 (1982). However, where the averments of a complaint are inconsistent with a written instrument upon which the complaint is based, the terms of the written instrument prevail: Framlau Corp. v. Delaware County, 223 Pa. Superior Ct. 272, 290 A. 2d 335, 338 (1972).

When applying these rules, we must conclude that both counts fail to state a cause of action. In each count plaintiffs' theory of recovery arises out of defendant's alleged involvement in the home warranty agreement. A cursory examination of the document reveals on its face that defendant is neither a party to it nor a warrantor or insurer of any building defects. "It is elementary law that no person can be sued for breach of a contract who has not contracted, either in person or by an agent; or in other words, who is not a party to the contract, and conversely, no person who has not contracted,

either in person or by an agent, may be sued for a breach." Wolff v. Wilson, 28 Pa. Superior Ct. 511, 515, (1905). Thus, it is clear that, upon the facts as presently averred by plaintiffs, no cause of action can be maintained against defendant for breach of contract and, therefore, the demurrer to Count I must be sustained.

Count II must also fail because, although it is styled "in assumpsit," it alleges "gross negligence" and seeks compensatory and punitive damages. In D'Ambrosia, supra, the Supreme Court held that the administrative remedies available under the Unfair Insurance Practices Act are exclusive and affirmed a dismissal of a complaint in trespass seeking compensatory and punitive damages.

While the facts as presently averred do not state a cause of action, we cannot enter judgment against plaintiffs if the pleadings indicate that they could state a better case by amendment: Chorba v. Davlisa Enterprises, Inc., supra. Clearly, the complaint shows defects in plaintiffs' house allegedly caused by the builder; it establishes the existence of a home warranty agreement under the terms of which defendant is responsible for conciliation and arbitration; and it avers that despite repeated demands it has ignored plaintiffs' demands for arbitration. We believe that the facts as stated by plaintiffs, although not presently sufficient, suggest that they may well have a cause of action against defendant. We have a positive duty under these circumstances to give plaintiffs an opportunity to file an amended complaint: Framlau Corp v. Delaware County, supra.

Accordingly, based on this opinion, we enter the following

## ORDER

December 6, 1982, defendant's preliminary objection as to lack of personal jurisdiction is overruled. Defendant's preliminary objection in the nature of a demurrer to both counts is sustained. Plaintiffs' complaint is dismissed with leave to file an amended complaint within 30 days of this order.