# Hogan v. Philadelphia Electric Co. Inc.

*Chester Confer,* for plaintiff.
*James Brennan,* for defendant.

BATTLE, *J.,* May 6, 1991—This case involves a class action by certain employees of the Philadelphia Electric Company against PECO. The employees are all non-union employees and do not have a formal written contract of employment.

PECO issued the employees a company handbook. The handbook, in apparently moderately varied forms, has been in existence since 1943. The handbook, among other things, provides for a mileage allowance for the use of the employees' personal vehicles on PECO business.

In January 1989, PECO moved its base of operations. In October 1989, PECO changed the method by which it paid its employees for the use of their personal vehicles. Under the new method, and in consideration of the changed location of the PECO operations, some employees received significantly less mileage allowance payments than they did under the previous mileage expense payment formula which was contained in the employee handbook.

It is the PECO employees' position that the handbook is a contract which may not be unilaterally amended by PECO. The instant action seeks an injunction to prohibit PECO from using the new mileage payment method, seeks compensatory damages, and seeks damages for alleged emotional distress as the result of the changed mileage payment formula.

PECO has filed preliminary objections in the nature of a demurrer alleging that the handbook which contains the mileage expense formula may not be considered a contract and that the employees are merely employees at will.

Pennsylvania law provides that a case should be dismissed on preliminary objections only if, from the facts pled in the complaint, the case is clear and

free from doubt. See *Interstate Traveller Services Inc. v. Commonwealth, Dept. of Environmental Resources,* 486 Pa. 536, 406 A.2d 1020 (1979); *Schott v. Westinghouse Electric Corp.,* 436 Pa. 279, 259 A.2d 443 (1969). In the case at bar, the complaint should be dismissed in its entirety only if Pennsylvania law never considers an employee handbook as an employment contract.

In *Richardson v. Charles Cole Memorial Hospital,* 320 Pa. Super 106, 466 A.2d 1084 (1983), our Superior Court stated that the terms of a handbook provided by an employer to its employees were not bargained for by the parties and any benefits conferred by the handbook were mere gratuities. The employer's unilateral act of publishing its policies did not amount to a meeting of the minds required for a contract. It should be noted, however, in reaching its decision, the Superior Court noted that the handbook was unilaterally amended by the employer on previous occasions.

Therefore, in *Martin v. Capital Cities Media Inc.,* 354 Pa. Super. 198, 511 A.2d 830 (1986), the Superior Court provided a review of the law regarding the consideration of employee handbooks as contracts. The thrust of the opinion is that an employee handbook is not an employment contract and does not change an at-will employment status. However, the Superior Court included the following in its opinion:

"Importantly, we do not mean to say that an employer cannot create a legally binding 'contract' with its employees via an employment handbook. It is for the court to interpret the handbook to discern whether it contains evidence of the employer's intention to be legally bound. . . .

"A reasonable employee may be presumed to regard such handbooks as having legally binding

contractual significance when the handbook, or oral representations about the handbook, in some way clearly state that it is to have such an effect.''

Finally, in *Molosetti v. Louisiana Land and Exploration Co.,* 522 Pa. 491, 564 A.2d 151 (1989), in holding that there was not an employment contract created by a handbook, the majority opinion also stated that ''[a] handbook distributed to employees as inducement for employment may be an offer and its acceptance a contract.'' Justice Zappala, in a concurring decision, objected to the language in the majority opinion which indicated that a handbook may be a contract. Justice Zappala noted that such an issue has not been decided by our Supreme Court. Justice Larsen, in a dissenting opinion, stated that when an employer unilaterally establishes' a policy, the employees have the right to receive the benefits of the policy unless and until the employer changes the policy.

It is apparent from the status of case law concerning employee handbooks that the demurrer to the complaint in toto should not be granted. This case is one that is appropriate for trial so that facts concerning the employer's statements regarding the handbook at the time of employee hiring and/or distribution of the handbook; facts concerning any and all amendments to the handbook since 1943, including the method of amendment; and facts concerning the use of the handbook can be ascertained.

The complaint contains counts for emotional distress. However, the complaint does not contain any counts in tort; it is solely a complaint containing breach of contract allegations. Further, the complaint's allegations do not support or make out a case for outrageous, atrocious, or intolerable conduct on the part of the employer. Therefore, the

counts of emotional distress are not supported. See *Malia v. RCA Corp.,* 690 F.Supp. 334 (1988).

For all of the foregoing reasons, the following order is entered:

## ORDER

And now, May 6, 1991, it is hereby ordered and decreed that the preliminary objections to the complaint are granted in part and denied in part, as follows:

(a) The counts in the complaint alleging emotional distress are stricken.

(b) In all other respects, the preliminary objections are denied.