595 A.2d 172

Concepcion L. RIVERA, Administratrix of the Estate of Frederick L. Rivera, deceased, Appellant,

v.

The PHILADELPHIA THEOLOGICAL SEMINARY OF ST. CHARLES BORROMEO, INC. a/k/a St. Charles Seminary and Our Lady of Lourdes Catholic Church.

Superior Court of Pennsylvania.

Argued April 25, 1991.

Filed Aug. 13, 1991.

158

Jeffrey M. Stopford, Media, for appellant.

Walter A. McClatchy, Jr., Upper Darby, for participating party.

Before KELLY, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from an order sustaining the preliminary objections of appellee/garnishee, First State Insurance Company, challenging personal jurisdiction. The single issue presented is whether, under the Pennsylvania Rules of Civil Procedure governing service in garnishment proceedings,[1] service can properly be effected outside of Pennsylvania on an out-of-state garnishee who holds title to no real property in Pennsylvania. After careful review, we agree with the trial court that service was improper in this case and, thus, we affirm.

The trial judge, The Honorable Louis G. Hill, has aptly summarized the relevant facts as follows:

This garnishment action was commenced by [appellant], Concepcion L. Rivera, who holds a judgment against Our Lady of Lourdes Catholic Church. The garnishee, First State Insurance Company, is the excess insurance carrier for the Archdiocese of Philadelphia, with respect to any judgment greater than $500,000. First State is a Delaware Corporation with its principal office located in Boston, Massachusetts. It has no office within the Commonwealth of Pennsylvania.

On October 4, 1989, [appellant] served a writ of execution by adult resident of Massachusetts on an employee

1. *See* Pa.R.Civ.P. 3108, 3111, and 3112.

of the mailroom of First State's office in Boston. On March 6, 1990, First State filed preliminary objections on the grounds that service was ineffective and venue improper. Trial Court Opinion, August 30, 1990, at 1–2. After argument, the court, on August 30, 1990, sustained First State's preliminary objections. This timely appeal followed.[2]

Appellant contends that service was proper because it was made in accordance with Pa.R.Civ.P. 3112(b)(2), which permits substituted service by competent adult on an out-of-state garnishee. Appellant claims that the trial court's interpretation of Rule 3112 erroneously limited the Rule to garnishment actions involving in-state garnishees and/or garnishees with in-state property. We cannot agree.

■ It is well-settled that preliminary objections should be granted only in cases that are clear and free from doubt. *See, e.g., Patton v. Republic Steel Corp.*, 342 Pa.Super. 101, 113, 492 A.2d 411, 417 (1985); *see also Interstate Traveller Serv., Inc. v. Commonwealth Dept. of Environmental Resources*, 486 Pa. 536, 406 A.2d 1020 (1979).

Service in garnishment proceedings is governed by Rules 3108, 3111, 3112, and 3113. Rule 3108(a)(5) provides as follows:

(a) Service of the writ [of execution] shall be made by the sheriff in the case of

\*     \*     \*     \*     \*     \*

2. We note preliminarily that an order that sustains preliminary objections in the nature of a demurrer without dismissing the complaint or otherwise terminating the action between the parties is interlocutory, and, therefore, lacks the requisite finality to be an appealable order. *See Leach v. Hough*, 352 Pa.Super. 213, 215, 507 A.2d 848, 849 (1986). The trial court's order here did not sustain preliminary objections in the nature of a demurrer. Rather, the court sustained preliminary objections challenging jurisdiction over the person of the garnishee. An order sustaining preliminary objections challenging personal jurisdiction is final and appealable. *See, e.g., Bergere v. Bergere*, 364 Pa.Super. 100, 102, 527 A.2d 171, 172 (1987); *Radakovich v. Weisman*, 241 Pa.Super. 35, 41–42, 359 A.2d 426, 430 (1976). Accordingly, this appeal is proper.

(5) real property of the defendant, title to which is recorded in the name of a third party, by levy and attachment as provided by Rule 3112;

*Id.* Rule 3111(a) provides that:

The writ shall be served by the sheriff upon the garnishee in the manner prescribed by Rule 402(a) except as otherwise provided by Rules 3112 and 3113. The sheriff shall furnish the garnishee with an additional copy of the writ for each defendant. If the garnishee served was not named in the writ he shall be added as a garnishee and return made accordingly.

*Id.*[3] Rule 3112, the exception referred to in Rule 3111(a), in turn, provides as follows:

Rule 3112. SERVICE OF THE WRIT UPON GARNISHEE. REAL PROPERTY OF DEFENDANT IN NAME OF THIRD PARTY.

(a) The sheriff shall execute the writ against real property of the defendant, title to which is recorded in the name of a third party, by serving the third party as garnishee and noting upon the writ a description of the real property and a statement that he has levied upon defendant's interest therein.

(b) *The plaintiff shall have the right of service upon the garnishee*

(1) in any other county by having the sheriff of the county in which the writ is issued deputize the sheriff of the other county where service be may be had, or

---

**3.** Pa.R.Civ.P. 402(a) is the general rule for service of process in civil cases and provides as follows:

(a) Original process may be served

(1) by handing a copy to the defendant; or

(2) by handing a copy

(i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

*Id.*

*(2) outside the state by having any competent adult serve the garnishee personally and file an affidavit thereof in the action.*

(c) If the garnishee cannot be served as provided in Rules 3111(a) or 3112(b), he shall be served by (1) posting a copy of the writ on a public part of the property and (2) handing a copy of the writ to the person in actual possession of the property or, if no one is in actual possession, by sending the garnishee a copy of the writ together with an inventory of the property attached, by registered mail directed to his last known address or, if no address is known and an affidavit to that effect is filed, by publication in such manner as the court by special order shall direct.

*Id.* (emphasis added).

At issue in the instant case is the proper construction of Rule 3112(b)(2) which permits substituted service by a competent adult outside the Commonwealth. We are asked to decide whether an out-of-state garnishee who does not hold real property in this Commonwealth may be served pursuant to Rule 3112(b)(2). This apparently is an issue of first impression for this Court.[4]

Appellant argues that Rule 3112(b) is not limited to garnishees holding title to real property within the Commonwealth. Specifically, appellant claims that (1) the absence of any reference to real property in subsection (b) indicates an intent that the rule is not so limited; (2) the title of Rule 3112, "Service of the Writ upon Garnishee. Real Property of Defendant in Name of Third Party,"

---

4. We note that an almost identical issue was presented to Judge Hill in the related case of *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo,* 1 Pa.D. & C.4th 106 (1988). There, appellant attempted to collect from Our Lady of Lourdes' primary insurance carrier, Zurich Insurance Company. Zurich was based in Illinois and had a local office in Pittsburgh, Pennsylvania. In that case, service of the writ of execution was made by a competent adult on an employee in Zurich's Illinois office. Judge Hill sustained Zurich's preliminary objections on the grounds that service was ineffective under Pa. R.Civ.P. 3111 and 3112, holding that Rule 3112(b) was limited to cases involving real property.

suggests two separate areas, the former referring to subsection (b) and the latter to subsection (a); and (3) nothing in the plain meaning of Rule 3112 limits its scope to real property. After careful review, we agree with the trial court that Rule 3112(b)(2) permits substituted service on an out-of-state garnishee only where the judgment creditor seeks to attach real property located within the Commonwealth. *See* Trial Court Opinion, August 30, 1990, at 5. Because the trial court has thoroughly and, in our view, properly disposed of this issue in its Opinion, we quote from that Opinion at length.

After an extensive review of the applicable rules, this court declines to interpret Rule 3112 as urged by plaintiff and finds that Rule 3112(b)(2) permits substituted service by competent adult only in cases involving real property.

Rules 3111, 3112 and 3113 governing service in a garnishment proceeding must be read within the framework of the rules governing the "Enforcement of Money Judgments for the Payment of Money." Pa.R.Civ.P. 3101 *et seq.*

Rule 3108(a)(5) provides as follows:

(a) Service of the writ shall be made by the sheriff in the case of

*   *   *   *   *   *

(5) real property of the defendant, title to which is recorded in the name of a third party, by levy and attachment as provided by Rule 3112;

Pa.R.Civ.P. 3108(a)(5).

Rule 3108(a)(5) refers to "Rule 3112" as a whole without limiting its reference to "Rule 3112(a)." In this court's opinion, had it been the drafters' intent that only subsection (a) of Rule 3112 apply to real property, the reference within Rule 3108(a)(5) would have indicated as much. Plaintiff would have this court ignore the plain meaning of Rule 3108(a)(5) which unequivocally provides that Rule 3112 as a whole applies in the very limited circumstance where real property is held of record in the name of a third party.

Also, to interpret Rule 3112(b) as permitting substituted service generally would make the rule internally inconsistent. Subsection (c) of Rule 3112, which refers to service by 'posting a copy of the writ on a public part of the property,' can only be read as applying to cases involving real property, even though "real property" is not specifically mentioned. The fact that subsections (a) and (c) of Rule 3112 apply to real property, compels a conclusion that subsection (b) is limited to real property as well.

In this court's opinion, the Supreme Court intended to create this limited exception permitting substituted service on an out-of-state garnishee only where the judgment creditor seeks to attach real property located within the Commonwealth. In such a case, the court's jurisdiction is derived from the location of the real property within the state. Thus, the due process rights of the out-of-state garnishee are not violated. *See* 9 Goodrich Amram 2d § 3112(b):1.

Trial Court Opinion, August 30, 1990, at 5–6.

We note also that, in addition to the difficulty with appellant's argument as a matter of statutory construction, the interpretation proposed by plaintiff could raise serious due process concerns. As the trial court aptly stated:

If Rule 3112(b) is interpreted, as urged by plaintiff, to permit any competent adult to serve a writ of execution on a resident of State A as a garnishee, it could force the garnishee to appear in Pennsylvania regardless, for example, of whether there was long-arm jurisdiction or not. It would afford less protection to an out-of-state resident as a garnishee than that same party would receive had that party been the defendant in the underlying case. [Footnote omitted.] The interpretation of Rule 3112(b) urged by plaintiff would have the far reaching effect of permitting a judgment holder to attach out-of-state property and to force an out-of-state garnishee to answer to the garnishment proceedings in the Commonwealth regardless of whether the courts of this Commonwealth

have any jurisdiction over the garnishee or the property involved.

Admittedly, the facts in the instant case are not as compelling since the courts of this Commonwealth have jurisdiction over an out-of-state insurance company by virtue of its doing business in the Commonwealth and the existence of minimum contacts within the state.

Trial Court Opinion, August 30, 1990, at 6–7.

In summary, we agree with the trial court that Rule 3112(b) permits substituted service by competent adult on an out-of-state garnishee only where the judgment creditor seeks to attach real property located within Pennsylvania. Because First State is an out-of-state garnishee with no real property in Pennsylvania, we conclude that service of process was improper. Accordingly, we affirm the trial court's grant of appellee's preliminary objections.[5]

Order affirmed.

---

**5.** We note also that appellant is not without the means to enforce her judgment. She has the option of transferring the case to Massachusetts and pursuing attachment there or serving First State in Pennsylvania through the Insurance Commissioner or the Secretary of State in Harrisburg.