617 A.2d 23

**Arthur R. GALL, Sr., Appellant,**

**v.**

**Donald G. HAMMER, Esquire, and Rebecca S. Sukle, and Theodore A. Gall, Sr., and Rebecca E. Gall, His Wife, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1992.

Filed Dec. 2, 1992.

Daniel R. Tobin, Pittsburgh, for appellant.

Stephen A. Langton, Lower Burrell, for appellees.

Before ROWLEY, President Judge, and CIRILLO and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The plaintiff-appellant, Arthur R. Gall, Sr. filed a *pro se* complaint, seeking a combination of equitable and legal relief. The dispute in the case involves a property in West Deer Township, Allegheny County. The plaintiff sought to have the court order the transfer of the property to him, and also sought money damages from the defendant-appellees. The defendants include the plaintiff's parents, Theodore A. Gall, Sr. and Rebecca E. Gall. The other two defendants are the plaintiff's sister, Rebecca S. Sukle, and Attorney Donald G. Hammer, who were alleged to have jointly received the property in trust from the plaintiff's parents, and subsequently conveyed title to Theodore A. Gall, III, plaintiff's nephew. The defendants filed preliminary objections to the complaint, raising a number of challenges to the matters in the complaint.[1] The trial court, ruling on only one of the defense challenges raised in the preliminary objections, ruled that there was no *in personam* jurisdiction over the defendants, who were not residents of our Commonwealth. Accordingly, the trial court dismissed the plaintiff's action. The trial court also denied a request by the plaintiff for reconsideration. The plaintiff has filed the instant appeal from the dismissal order of the trial court.

 At the outset of our analysis of the matters in dispute in this case, we must recognize several well-established standards which are applicable to the issues presented. First, it is clear that preliminary objections should only be granted in cases that are clear and free from doubt. *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo, Inc.*, 407 Pa.Super. 157, 595 A.2d 172 (1991); *Stein v. Richardson*, 302 Pa.Super. 124, 448 A.2d 558 (1982). As discussed in

---

1. In the plaintiff-appellant's brief to our court, it was asserted that in the proceedings in the trial court, the plaintiff agreed with the defendants to file an amended complaint, with more specific allegations.

*Derman v. Wilair Services, Inc.*, 404 Pa.Super. 136, 590 A.2d 317 (1991), this rule is particularly applicable when the preliminary objections, if sustained, would result in the dismissal of the action. Moreover, our court also explained in *Derman* that when reviewing preliminary objections in such circumstances, a court must consider the evidence in a light most favorable to the nonmoving party. Of particular significance in the instant case, is the rule that the mere allegation in preliminary objections that there is a lack of *in personam* jurisdiction over a defendant does not place a burden on the plaintiff to negate such allegations. *Alumbaugh v. Wallace Business Forms, Inc.*, 226 Pa.Super. 511, 313 A.2d 281 (1973). When a defendant challenges the court's assertion of personal jurisdiction, that defendant bears the burden of supporting such objections to jurisdiction by presenting evidence. *Holt Hauling and Warehousing Systems, Inc. v. Aronow Roofing Co.*, 309 Pa.Super. 158, 454 A.2d 1131 (1983).[2] In *Holt Hauling*, our court instructed that when a fact issue is raised by preliminary objections regarding *in personam* jurisdiction, the court is to take evidence and may not reach a determination based upon controverted facts, even if the parties fail to provide such evidence themselves.

The record in this case shows that the defendants merely submitted preliminary objections and a supporting brief in support of those preliminary objections. Neither was verified. The only verified matter in the record is the plaintiff's complaint. In that pleading, the plaintiff recited a number of factual allegations which we shall discuss briefly later in this Opinion. Suffice it to note at this point that the averments of the complaint, standing alone, do not establish clearly and without doubt that there is a lack of *in personam* jurisdiction over any of the defendants. Accordingly, we must vacate the dismissal order of the trial court and remand this case for further proceedings. See *Schmitt v. Seaspray Sharkline*,

2. The burden of proof only shifts to the plaintiff after the defendant has presented affidavits or other evidence in support of its preliminary objections challenging jurisdiction. Cf. *Crompton v. Park Ward Motors, Inc.*, 299 Pa.Super. 40, 445 A.2d 137 (1982); *Whalen v. Walt Disney World Co.*, 274 Pa.Super. 246, 252, n. 3, 418 A.2d 389, 392, n. 3 (1980).

*Inc.*, 366 Pa.Super. 528, 531 A.2d 801 (1987). *Holt Hauling and Warehousing Systems, Inc. v. Aronow Roofing Co.,* supra.

The record obviously lacks sufficient facts to allow the trial court or our court to reach a solid conclusion on the issue of *in personam* jurisdiction raised by the defendants. However, because we have made brief mention of the assertions in the plaintiff's complaint which bear upon the issue of jurisdiction, we deem it appropriate to discuss some points which will provide guidance of the trial court after remand.

In its landmark decision in *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, (1945) the Supreme Court stated: "[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he shall have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" In *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1297 (1958) the court further stated that it is essential in each case "... that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." In commenting on the doctrine of "minimum contacts", the Pennsylvania Supreme Court has noted that the minimum contacts requirement protects nonresident defendants from the burden of litigation in an inconvenient or distant forum, and insures that individual states, through their courts, do not exceed limits imposed on them by their status as coequal sovereigns under the federal system. *Kenny v. Alexson Equipment Co.,* 495 Pa. 107, 432 A.2d 974 (1981).

These jurisdictional concepts are incorporated into our statutory scheme in the form of our Commonwealth's long-arm statute, set forth in the Act of July 9, 1976, P.L. 586, No. 142, § 2, effective June 27, 1978, as amended by the Act of April 28, 1978, P.L. 202, No. 53, § 10(61), effective June 27, 1978, and as further amended by the Act of October 5, 1980, P.L. 693, No. 142, § 203(b), effective 60 days thereafter, 42 Pa.

C.S.A. § 5322. It describes activities which would provide a basis for the exercise of personal jurisdiction over persons who reside outside of our Commonwealth. The following provisions appear to be particularly relevant in the instant case:

(a) General rule.—A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph.

\* \* \* \* \* \*

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

\* \* \* \* \* \*

(v) The ownership, use or possession of any real property situate within this Commonwealth.

\* \* \* \* \* \*

(5) Having an interest in, using, or possessing real property in this Commonwealth.

\* \* \* \* \* \*

(7) Accepting election or appointment or exercising powers under the authority of this Commonwealth as a:

\* \* \* \* \* \*

(iii) Trustee or other fiduciary.

\* \* \* \* \* \*

(9) Making application to any government unit for any certificate, license, permit, registration or similar instrument or authorization or exercising any such instrument or authorization.

The *pro se* complaint filed by the plaintiff was inartfully drafted. Viewed in a light most favorable to the plaintiff, it generally raises the following claims: (1) the defendant parents, Theodore A. Gall, Sr. and Rebecca E. Gall had promised to transfer the property in dispute to the plaintiff; (2) based upon that promise, he had paid years of taxes and spent other funds on the property; (3) he had engaged in providing improvements, including constructing buildings on the property; (4) instead of conveying the property to him, and despite their earlier promises upon which he relied, his parents conveyed the property in trust to the plaintiff's sister, Rebecca S. Sukle and to Attorney Donald G. Hammer, the other defendants in the case; (5) they in turn, caused or attempted to cause the property to be transferred to another family member; (6) in the course of such transactions, the defendants recorded the transfers with the County Register of Deeds; and (7) the defendant parents had engaged in the activity of renting the property or parts of it for a number of years.

All of the aforesaid acts, if established, could arguably be found to constitute the transacting of business in this Commonwealth, for the purposes of establishing jurisdiction under our long-arm statute. More specifically, it could certainly be concluded that all of the defendants engaged in one or more acts in the Commonwealth for the purpose of realizing pecuniary benefit, or of otherwise accomplishing an object with the intention of initiating a series of such acts. Further, such evidence could demonstrate that all of the defendants were involved in the ownership, use, or possession of real property situated within the Commonwealth, or in having an interest in it. Defendants Hammer and Sukle could be deemed to have exercised powers under the authority of the Commonwealth, as trustees, with regard to the property. Finally, all of the defendants have apparently been alleged to have been involved in the registration of deed transfers concerning the property, in furtherance of the activities complained of by the plaintiff.

As discussed earlier, the present record does not permit our court to adequately address the merits of the defendants'

challenges to the *in personam* jurisdiction of the Court of Common Pleas of Allegheny County. However, the factual averments of the complaint, discussed briefly above, as well as any evidence presented in further proceedings concerning the defendants' preliminary objections, should be considered by the trial court in determining whether the defense challenges to *in personam* jurisdiction may be sustained. All of the evidence on that issue must be considered in a light most favorable to the plaintiff as the nonmoving party, and a dismissal will only be appropriate if lack of jurisdiction is established clearly and without doubt.

Finally, it is appropriate to note that our disposition does not address any aspect of the proceedings in this case other than the trial court's dismissal on the issue of a lack of *in personam* jurisdiction. Upon remand, if the trial court after further proceedings determines that a lack of jurisdiction is clearly established, no resolution of other contentions may be appropriate. If, however, it is concluded that the plaintiff's claims may not be dismissed on that ground, the trial court will still have before it several other issues presented in the defendants' preliminary objections. Because those matters have not yet been considered by the trial court, it is inappropriate for our court to review them in the context of the instant appeal.

The order of the trial court is vacated and this case is remanded for further proceedings consistent with this Opinion. Jurisdiction is not retained.