511 A.2d 827

**COMMONWEALTH of Pennsylvania**

v.

**William RICHARDSON, Appellant.**

Superior Court of Pennsylvania.

Argued April 9, 1986.

Filed June 9, 1986.

Reargument Denied July 25, 1986.

Edward Reif, Philadelphia, for appellant.

Vram Nedurian, Assistant District Attorney, Newtown Square, for Com., appellee.

Before CIRILLO, President Judge, and ROWLEY and WIEAND, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Court of Common Pleas of Delaware County denying appellant's petition to

expunge his record of arrest. We conclude that denial of the petition was improper and accordingly reverse.

Appellant was a cab driver. He picked up a young female fare who asked to be taken to her home. On the way there, appellant pulled his cab into a church parking lot, climbed into the back seat, and had sexual intercourse with the woman. He was arrested two days later and charged with rape, indecent assault, simple assault, indecent exposure, false imprisonment and reckless endangerment. Appellant maintained that the intercourse was consensual.

A prima facie case having been established at the preliminary hearing, appellant was held over on all counts. At trial, which was before a jury, the alleged victim testified on behalf of the Commonwealth. On cross-examination, the prosecution asked appellant whether he did not pull the victim to the floor of the car to avoid being seen by a passerby. To this, appellant unresponsively blurted out that he had earlier passed a lie detector test. The Commonwealth requested a mistrial, which was granted. At the subsequent bench trial, the alleged victim was not present to testify.[1] The case was dismissed and appellant was discharged.[2] Thereafter, he petitioned for expungement, which was denied.

■ Insofar as appellant was never found guilty, it was clearly the Commonwealth's burden to demonstrate at the hearing that expungement would be improper in this case. *Commonwealth v. Chacker*, 320 Pa.Super. 402, 467 A.2d 386 (1983). Thus, the Commonwealth was obligated to set forth compelling reasons for denial of appellant's petition. *Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981); *Rambo v. Commissioner of Police*, 301 Pa.Super. 135, 447

1. The Commonwealth had no explanation at oral argument as to why a transcript of her testimony from the first trial could not be admitted at the bench trial.

2. As the trial court notes in its opinion, the docket entries reflect a dismissal of the charges, although the court did enter acquittals on the informations.

A.2d 279 (1982). Thereafter, the hearing court must weigh the individual's right to be free from the harm attendant in maintenance of the arrest record against the reasons given to support denial of the petition, which may include

The strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied.

*Commonwealth v. Wexler, supra*, 494 Pa. at 330, 431 A.2d at 879. However, this is not an all-inclusive list and other factors may come to bear in any given case. *Id.*

The Commonwealth argues, and persuasively so, that there is an interest in retaining the arrest record stemming from appellant's employment as a cab driver; since the general public places a certain trust in common carriers, it is in society's best interest to make available to a common carrier anything indicative of a potential employee's propensity to commit serious crimes upon his fares. The Commonwealth also points to appellant's advanced age, the short time between the arrest and expungement petition, and appellant's failure to prove specific adverse consequences of the arrest record as factors supporting retention of the arrest record. It also places great weight in the strength of its case against appellant, and in this connection notes that appellant was never found not guilty, but to the contrary only had his case dismissed when the alleged victim would not appear to testify a second time.

It is true that the Commonwealth's case was strong enough to survive a preliminary hearing and a demurrer. Beyond this, however, we can only speculate as to the strength of the case. Perhaps the prosecuting witness really was victimized and does not want to undergo the trauma of testifying again. Such would not be an uncommon occurrence. Yet myriad other possibilities are apparent, one being that the alleged victim was not telling the

truth from the outset. We simply do not know, and therefore can go no further than to say there was enough evidence against appellant to go to trial.

█ With the exception of this limitation, the Commonwealth's arguments are for the most part entirely valid.[3] Nonetheless, when placed alongside appellant's interests, we are compelled to conclude that the trial court erred in denying expungement.

Rape is an ugly, horrendous crime, one which rudely denies a woman her ability to decide for herself with whom she will share what is normally an intimate, personal act. The invasion upon the woman is more than a physical one upon her person; the often long-lasting trauma which follows can bring forth feelings of shame, rage, and fear. Accordingly, when one is even accused of committing so horrible an invasion of another's privacy, a stigma attaches that is far-reaching and long-lived. It is a tarnish upon one's repute that is not easily removed. Yet for having such serious ramifications, it is a taint that is easily incurred. By its very nature, rape is a simple accusation to make but a difficult charge to defend. When the crime charged is murder, there is a corpus delicti. The proof of an aggravated assault is a battered victim. Rape, however, requires only "penetration, however slight", 18 Pa.C.S. §§ 3101, 3121, and thus will not necessarily be accompanied by tangible proof of its occurrence; ejaculation is not required. *Id.; See Commonwealth v. Polk*, 347 Pa.Super. 265, 500 A.2d 825 (1985). Unfortunately, rape charges are sometimes fabricated merely to punish another, to seek revenge, or even to mask after the fact what was actually a consensual but imprudent act. The blot on a person's character stemming from a rape charge is therefore uniquely disproportionate to the ease with which the accusation can be made.

**3.** In light of our observation that the effect of a rape charge on an arrest record can be pervasive and dramatic, we necessarily reject the Commonwealth's contention that appellant's claim must fail because he has not proven specifically what adverse consequences have befallen him in his search for employment.

In light of the foregoing, we cannot find any of the reasons advanced by the Commonwealth so compelling as to justify retention of appellant's arrest record. Underscoring this conclusion is our observation that despite any discrepancy in the docket entries to the contrary, the charges against appellant were not simply dismissed. He was acquitted following a directed verdict which was entered when the Commonwealth rested without presenting the complaining witness. The trial judge states quite clearly in his opinion that appellant was acquitted. This being the case, we will not allow him to be forevermore shackled to the ball and chain of an arrest record for an unproven rape charge.

The order appealed from is reversed. The matter is remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

ROWLEY and WIEAND, JJ., concur in the result.