673 A.2d 969

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Al PERSIA, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1995.

Filed March 27, 1996.

Frank DeSimone, Philadelphia, for appellant.

Barbara R. Paul, Assistant District Attorney, Philadelphia, for the Commonwealth, appellee.

Before BECK, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

The appellant, Al Persia, appeals the order of the Court of Common Pleas of Philadelphia County denying his "Petition to Expunge." We affirm.

The facts of record indicate that a fourteen-year-old child was having behavioral and emotional problems leading to therapy. The child was referred by the Department of Human Resources for treatment of mental health issues.[1] More specifically, through sessions with the child/victim and several other children, the therapist (Dr. William Russell) learned "the same names [one of whom was the appellant] had come from three different boys that [he] was treating" concerning "a loosely organized group of people who were using children for sexual purposes." N.T. 7/21/94 at 7 & 8. The therapist reported the matter to the Philadelphia Sex Crime Unit and an investigation ensued leading to the appellant's arrest for involuntary deviate sexual intercourse and corrupting the morals of a minor.

At the preliminary hearing, however, the child/victim "was not in any way, shape or form capable of going into a courtroom and talking about the sexual molestation that he suffered at the hands of these different individuals." *Id.* at 10. As a result, despite the fact that the doctor "had spent several times trying to get [the child/victim] over the anxiety and emotional stress he was going through[, i]t [did] not surprise [the doctor] that [the child/victim] didn't identify anybody, because he wasn't going to do it." *Id.* at 15. Accordingly, the charges were *nolle prossed* by the Commonwealth. Sixteen months after his arrest, the appellant filed a petition seeking to expunge his arrest record. A hearing followed wherein the Commonwealth produced the only witness to testify, i.e., an expert in the treatment of sex offenders (Dr. Russell).

The expert, during the course of qualifying him to testify, recalled that for several months efforts were made to make

1. It appears that the child/victim, through years of sexual abuse, became an offender himself.

the child/victim comfortable enough to reveal in court what occurred between himself and the appellant; to-wit:

We tried for several months to get him to feel comfortable enough to reveal in court what happened. He would reveal it to individuals in the therapy sessions, to the Sex Crimes Unit's officer in my office, but [the child/victim] was not in any way, shape or form capable of going into a courtroom and talking about the sexual molestation that he suffered at the hands of these [three] different individuals[, one of whom named was the appellant].

*Id.* at 10. Additionally, the expert opined that the general rate of recidivism for adult males who victimize child males was approximately sixty-four percent. With this the hearing concluded and the court followed with an opinion and order denying expunction. This appeal was taken and asserts that, in essence, the Commonwealth failed to produce compelling reasons for the retention of the appellant's criminal record.

In this jurisdiction, in deciding whether justice requires expungement, a court, controlled by the facts in each particular case, must balance the individual's rights to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records. *Commonwealth v. Cohen,* 395 Pa.Super. 536, 577 A.2d 920, 921 (1990). Further, our Supreme Court has enumerated some of the factors to be considered by a trial court in ruling on expunction petitions; namely:

The [factors] include the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied.

*Commonwealth v. Wexler,* 494 Pa. 325, 431 A.2d 877, 879 (1981) (Citation omitted). We have noted that these factors are not exclusive or exhaustive of the circumstances to weight

in deciding the expunction question. See *Commonwealth v. W.P.*, 417 Pa.Super. 192, 612 A.2d 438, 441 (1992).

Given the youthful age of the child/victim, and his reluctance to identify in court his adult assailant, we may look to these elements in the weighing process of an expunction petition. See *Maryland v. Craig*, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). Also, the case law which we have examined embraces the tenet that "expunction is proper only in cases where acquittal is consistent with a finding [of] innocence and is not a result of legal technicalities unrelated to questions of guilt or innocence." *Commonwealth v. W.P.*, supra, 417 Pa.Super. at 199, 612 A.2d at 441 (Citations omitted).

Albeit we do not equate the failure of the Commonwealth to establish a *prima facie* case at a preliminary hearing with the equivalent of a "legal technicality," we do observe that the child/victim's therapist testified at the hearing that three child/victims referred to various adults, one of whom was the appellant, as allegedly sexually assaulting them. Secondly, a dismissal of charges at a preliminary hearing is not the equal of a not-guilty verdict entered following a jury trial. On the contrary, it merely protects against the unlawful detention of an accused (if bail is not met) pending trial. Even if charges are dismissed at the District Justice level, the case need not be at an end if the prosecution is able to secure additional evidence to supplement that initially introduced to establish a *prima facie* case of guilt. The case is still extant until the statute of limitations runs.

Consistent with the factors listed in *Wexler* to weigh in the expunction equation, we look at the strength of the Commonwealth's case,[2] which was initiated by a disinterested third-party/therapist (Dr. Russell) being informed by three child/victims that the appellant was one of a group of adults involved in child molestation. Prior to the preliminary hear-

---

2. This being a *nolle pros* at the preliminary hearing stage *vis-a-vis* a jury trial, we may look at this element in making our assessment. *Commonwealth v. D.M.*, 444 Pa.Super. 299, 663 A.2d 792 (1995).

ing, the therapist, and others in the criminal justice field, had been told by the child/victim that the appellant had sexually assaulted him. However, Dr. Russell was not able to dismiss the victim's apprehension of testifying against his alleged assailant in open court—the end result being a *nolle pros* of the charges.

Next the appellant's age (48), employment history (sole proprietor of a florist shop) and the elapsed time between the arrest and petition to expunge (16 months) do not mitigate in favor of granting the appellant's petition when viewed in light of the particular facts here, notwithstanding the fact that the appellant has no prior or subsequent arrest record. We are cognizant of the appellant's right to be free from the stigma of criminal arrest, but we weigh this against society's right to know of and seek protection against potential child molesters whose victims refrain from testifying (for fear and embarrassment). On this point, Dr. Russell testified that the recidivist rate for adult offenders of male-child-victims is sixty-four percent.[3] N.T. 7/21/94 at 12.

Because the victims of child molesters are sometimes unable to protect themselves against assaults which leave them scarred for life and convert them into assailants of other children, we tread with caution in this area when expunction is sought. Especially is this true where, as here, the accused has not had to run the gauntlet of a trial where a panel of one's peers hears the evidence, weighs credibility and renders a verdict of guilt or innocence, which in the latter case militates in favor of granting a subsequently filed petition to expunge. See *Commonwealth v. D.M.*, 444 Pa.Super. 299, 663 A.2d 792 (1995) (en banc).

3. Albeit the expert's testimony indicated in a general fashion the recidivist rate for adult offenders of child/victims, we look at that statistic in conjunction with the manner in which the investigation of the appellant arose, the persistence with which the child/victim identified the appellant as his assailant to his therapist and others in the criminal system, and his reluctance at the eleventh hour to testify, which the doctor attributed to the child/victim's years of sexual abuse and fear of confronting his assailant.

Here, the appellant's innocence or guilt did not have to withstand the light of scrutiny with the child/victim's refusal to testify at the preliminary hearing. The rigors of a trial were dispensed with and society was left with a void in its attempt to resolve a serious accusation by a youth against the appellant. Such inability to act, be it motivated by fear or embarrassment, should not be the key to unlock and set free from future scrutiny one charged with such a serious crime against a youth.

■ Society's interest in monitoring such behavior as has been alleged to have occurred here, given the circumstances under which prosecution was dismissed, we hold allows for the retention of the arrest record sought to be expunged. As was so aptly noted by the court below in concluding to deny the appellant's petition to expunge:

Mr. Persia is a 48 year old self-employed florist. The record is silent as to any possible occupational or economical limitations existing as a consequence of his arrest record. This Court recognizes that retention of such records may adversely affect appellant in some manner. "When one is even accused of committing so horrible an invasion of another's privacy, a stigma attaches that is far-reaching and long-lived." See *Commonwealth v. Richardson*, 354 Pa.Super. 194, 511 A.2d 827, 829 (1986). However, this Court believes that the long-term devastating effects of such crimes against children clearly overrides appellant's interests in being free from the generalized adverse effects of the retention of his arrest record.

In the case sub judice, expert testimony established compelling reasons to retain Mr. Persia's arrest record. The Commonwealth submitted extensive expert testimony which indicated that there is an extremely high rate of recidivism among homosexual pedophilic offenders. Since the rate of recidivism for these types of crimes is very high and the victims of these crimes may often be emotionally unable to testify against their alleged assailants, it is necessary to retain any information related to similar offenses. Retention of records in these cases is a method by which law

enforcement personnel may identify repeat offenders and establish *modus operandi* information, should the accused offender be subsequently charged with a similar crime.

Furthermore, the length of time that has elapsed between the arrest and the petition to expunge is minimal. Appellant submitted this petition to expunge his criminal record only 16 months after the original charges were filed. The Commonwealth avers that the high rate of recidivism associated with these crimes and the short period of time since the charges were filed are compelling reasons to retain appellant's records. The Commonwealth asserts that the likelihood of a repeat occurrence of this type of crime is so great that it is necessary to maintain the vital information found in arrest records in order to establish a chronicle of events that may be vital to subsequent investigations. This court agrees.

Court Opinion, 7/19/95 at 6–8. We agree.

The facts of this case, when viewed in conjunction with the weighing that is to occur in assessing a petition to expunge, do not warrant an *immediate* expunction of the appellant's arrest record. The passage of time without incident of alleged child molestation, when examined with the status of the appellant's circumstances then in existence, may prompt a different result. At this stage, however, there is sufficient reason to retain the appellant's arrest record for involuntary deviate sexual intercourse and corruption of a minor. Society calls for no less.

Order affirmed.