**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Mark A. SEBEK, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 19, 1998.

Filed July 30, 1998.

Thomas R. Ceraso, Greensburg, for appellant.

Judith P. Petrush, Asst. Dist. Atty., Greensburg, for Com., appellee.

Before DEL SOLE and ORIE MELVIN, JJ., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus.

This is an appeal from the judgment of sentence entered after appellant's conviction for two counts of D.U.I.[1], and one count each of Careless Driving[2], failure to comply with General Lighting Requirements[3], and Following too Closely.[4] We affirm.

1. 75 Pa.C.S.A. §§ 3731(a)(1), (a)(4).

2. *Id.*, § 3714.

3. *Id.*, § 4303(b).

4. *Id.*, § 3310(a).

During the early morning hours of November 14, 1994 (around 1:00 a.m.) Trooper Daniel Moriarty of the Pennsylvania State Police was on patrol in Westmoreland County on Pennsylvania Route 22. While travelling on Route 22, Trooper Moriarty observed a motorcycle approximately 300 feet in front of him. N.T. 12/2/96 at 76. Appellant, Mark Sebek, was driving this motorcycle.

Trooper Moriarty saw that the motorcycle appeared to have its rear taillight out. He also observed that it was "swerving within the lane" and "driving real close to the [car] in front of it." N.T. 12/2/96 at 46. (Trooper Moriarty testified at appellant's trial that he estimated the motorcycle was within one (1) car length of the car in front of it. *Id.* at 78.) After these initial observations, Trooper Moriarty closed the distance between his cruiser and the motorcycle and proceeded to follow the vehicle along Route 22 for a distance of one-half (1/2) mile to one (1) mile. *Id.* at 77.

During the time period that he followed the motorcycle, Trooper Moriarty observed the motorcycle cross the yellow centerline once.[5] There were no other vehicles coming the other direction at the time, which was fortunate, since the trooper estimated that the motorcycle was at least two feet across the yellow line. *Id.* at 78. After the motorcycle returned to its lane of traffic, the trooper again observed the motorcycle weaving back and forth within its lane. *Id.* at 48.

When the motorcycle and the vehicle it was following stopped for a red light at the intersection of Route 22 and Pennsylvania State Route 819, the trooper pulled up directly behind the motorcycle. The trooper then shut off his cruiser's headlights to assure himself that the motorcycle's taillight was in fact out. *Id.* at 48, 84. After determining that the light was out, the trooper then turned his headlights back on, activated

5. At this time, the trooper testified that the segment of Route 22 on which he was following appellant's motorcycle was under construction, hence there was a two or three lane traffic pattern in place at the time. *Id.* at 47.

his lights and siren and pulled Mr. Sebek's motorcycle over. *Id.*

The trooper testified that because he smelled the odor of alcoholic beverages and saw that Mr. Sebek's eyes were bloodshot and glassy, he elected to give Mr. Sebek field sobriety tests. *Id.* at 52. Because, in the trooper's opinion, the tests demonstrated that Mr. Sebek was under the influence of alcohol, he took Mr. Sebek back to the State Police barracks for a breathalyzer test. *Id.* at 63. Mr. Sebek complied with the troopers request and a breath test was performed. The machine yielded a reading of a blood alcohol level of .203. *Id.* at 69.

The trooper subsequently charged Mr. Sebek with the above-referenced offenses.[6] A preliminary hearing was held before District Magistrate Lawrence Franzi on January 9, 1995. At the conclusion of the hearing, counsel for Mr. Sebek moved to dismiss the charges for lack of probable cause. *Id.* at 5. The Magistrate granted this motion.

Thereafter, the Commonwealth petitioned the Court of Common Pleas of Westmoreland County for permission to refile the charges. After both parties presented briefs to the court, the petition to refile was granted by The Honorable Charles E. Marker. The Commonwealth subsequently refiled the charges on August 16, 1995.

Mr. Sebek did not elect to have a second preliminary hearing but instead chose to proceed to trial. A non-jury trial was held before the Honorable Richard E. McCormick on December 2, 1996 at which the only testifying witness was Trooper Moriarty. At the conclusion of the trial, Mr. Sebek was found guilty on all charges. He was sentenced to one-year intermediate punishment with one hundred eighty days on home electronic monitoring for the D.U.I. offenses and was ordered to pay fines and costs for the summary traffic offenses. This timely appeal followed.

On appeal to our court Mr. Sebek presents two issues for our consideration:

1. DID THE COMMON PLEAS COURT ERR IN PERMITTING THE REFILING OF CHARGES OF DRIVING UNDER THE INFLUENCE AND RELATED SUMMARY VIOLATIONS AFTER THE DISTRICT JUSTICE DISMISSED THE MATTER FOR LACK OF PROBABLE CAUSE?

2. DID THE LOWER COURT ERR IN DETERMINING THAT THE ARRESTING OFFICER HAD PROBABLE CAUSE FOR THE STOP AND SEIZURE?

Appellant's Brief at 3.

■ With respect to the first issue, we are required to ascertain whether the trial court abused its discretion in permitting the charges to be refiled against appellant, Mr. Sebek, after they had been dismissed by the magistrate. *Commonwealth v. Thorpe,* 549 Pa. 343, 348, 701 A.2d 488, 490 (1997); *Commonwealth v. Prado,* 481 Pa. 485, 487, 393 A.2d 8, 9 (1978). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied ... discretion is abused." *Commonwealth v. Laudenberger,* 715 A.2d 1156 (Pa.Super.1998); *Commonwealth v. Saunders,* 456 Pa.Super. 741, 691 A.2d 946, 948 (1997), *appeal denied, Commonwealth v. Saunders,* 550 Pa. 703, 705 A.2d 1307 (1997).

Appellant argues "the determination made by the District Justice was not with regard to making a determination as to whether or not the Commonwealth had made out a prima facie case but rather whether or not there was probable cause for the issuance of the criminal complaint and the original arrest." Appellant's brief at 8. Thus, appellant argues, the Commonwealth's only remedy was to appeal the dismissal not refile the charges. Appellant cites the case of *Commonwealth v. La Belle,* 531 Pa. 256, 612 A.2d 418 (1992) as support for his position.

In addressing the appellant's claim, it is instructive to review what our Supreme Court has described as the function and purpose of a preliminary hearing. The Court said:

The preliminary hearing is not a trial. The principal function of a preliminary

---

6. An additional charge of D.U.I. (42 Pa.C.S.A. § 3731 (a)(5)(i)) was also filed but *nolle prossed* by the Commonwealth before Sebek's non-jury trial.

hearing is to protect an individual's right against an unlawful arrest and detention. At this hearing the Commonwealth bears the burden of establishing at least a *prima facie* case that a crime has been committed and that the accused is **probably** the one who committed it. . . . In order to meet this burden at the preliminary hearing, the Commonwealth is required to present evidence with regard to each of the material *elements of the charge and to establish* **sufficient probable cause** to warrant the belief that the accused committed the offense.

*Commonwealth v. McBride*, 528 Pa. 153, 157–158, 595 A.2d 589, 591 (1991) (citations omitted)(italics in original; emphasis supplied). *Accord Commonwealth v. Phillips*, 700 A.2d 1281, 1287 (Pa.Super.1997).

From this explicit language, it is clear that the concept of establishing a prima facie case is inextricably tied to a showing of probable cause. That is, for the Commonwealth to establish a prima facie case they need to show probable cause that the accused committed the offense. Therefore, a finding by the magistrate that the Commonwealth did not establish probable cause that the appellant committed the violations for which he was charged is the same as a finding that the Commonwealth did not establish a prima facie case. Thus, contrary to appellant's assertion, there is no legal distinction to the choice of phraseology that the magistrate may have employed in dismissing the charges against him. The net result is the same.

The case which appellant cites, *La Belle*, does not support his argument. In *La Belle*, the appellant was charged with D.U.I. eight days after a traffic accident in which he was involved. The district magistrate, relying on our court's holding of *Commonwealth v. Revtai*, 343 Pa.Super. 149, 494 A.2d 399 (1985), dismissed the charges against Labelle pursuant to Rule 130(d) of the Pennsylvania Rules of Criminal Procedure since the Commonwealth failed to charge him within five days. The Commonwealth did not appeal the dismissal.

However, after the dismissal, the Supreme Court overruled our decision in *Revtai* [7] and held that a failure to file a timely complaint did not require a dismissal under Rule 130(d) of the Rules of Criminal Procedure unless the defendant could show prejudice by the delay. Based on this change in the caselaw, the Commonwealth then refiled the charges against Labelle. Labelle appealed.

The Supreme Court held that the original dismissal of the charges against Labelle was due **not to insufficient evidence or failure to establish a prima facie case** but rather the application by the magistrate of the Superior Court's original holding in *Revtai*. *La Belle*, 612 A.2d at 420. Thus, the dismissal of the charges was due to an application of a rule of law. Hence, the only permissible procedure to correct an alleged error in the application of a rule of law or to challenge the rule of law itself as erroneous is the filing of a direct appeal. The Commonwealth's failure to file such an appeal precluded the refiling of charges against Labelle. *Id.*

The Supreme Court expressly stated in *La Belle*:

Making a prima facie case has to do with the evidence which, if true, would sustain the charge. Traditionally, the failure to make a prima facie case has been treated as an interlocutory matter, for at the time it is determined that the prosecution's evidence is deficient, jeopardy has not attached and the state is not out of court because of an adverse determination. It may add to its case and resubmit the case for prosecution.

*La Belle*, 612 A.2d at 420. Consequently, *La Belle* offers no support for Sebek's position and does not preclude the refiling of charges after a magistrate has ruled that the Commonwealth has failed to establish a prima facie case.

■ In sum then, in the case before us, the trial judge did not err in permitting the charges to be refiled against the appellant after the magistrate had dismissed them. *See e.g. Commonwealth v. Stehley*, 350 Pa.Super. 311, 504 A.2d 854 (1986)(trial court properly granted Commonwealth's petition to

**7.** See *Commonwealth v. Revtai*, 516 Pa. 53, 532 A 2d 1 (1987). ·

refile murder charge dismissed by magistrate for Commonwealth's failure to make prima facie case). This is because, as we have said: "[A] dismissal of charges at a preliminary hearing is not the equal of a not-guilty verdict entered following a jury [or bench] trial.... The [prosecution's] case is extant until the statute of limitations runs." *Commonwealth v. Persia*, 449 Pa.Super. 332, 673 A.2d 969, 971 (1996).

Turning to the second issue appellant raises, it arises out of the trial court's denial of his motion to suppress the evidence of intoxication obtained as a result of the traffic stop by the trooper. The trial court expressly found that the trooper had sufficient probable cause for the stop of the motorcycle. N.T., *supra*, at 107. We have stated our standard of review in these matters as follows:

> In reviewing the denial of a motion to suppress, our responsibility is to determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. If the suppression court held for the prosecution, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse only if there is an error in the legal conclusions drawn from those factual findings.

*Commonwealth v. McPeak*, 708 A.2d 1263 (Pa.Super.1998); *Commonwealth v. Gindlesperger*, 706 A.2d 1216, 1218–1219 (Pa.Super.1997).

■ In our Commonwealth, police officers are vested with the authority to stop a vehicle if there are "articulable and reasonable grounds to suspect a violation of this title." 75 Pa.C.S.A. § 6308(b); *Commonwealth v. Whitmyer*, 542 Pa. 545, 552, 668 A.2d 1113, 1117 (1995). In the present case, the undisputed evidence provided by the trooper's testimony establishes that the appellant's motorcycle's taillight was not functioning. This was the first thing the trooper noticed when he initially observed the motorcycle travelling along Route 22. The trooper subsequently assured himself that the taillight was definitely out by shutting off his cruiser's lights when directly positioned behind the appellant's motorcycle while it was sitting at the intersection of Route 22 and Route 819. Failing to have a working taillight is a violation of 75 Pa.C.S.A. § 4303(b). The trooper, therefore, had clearly articulable and reasonable grounds to have suspected a Vehicle Code violation, which justified the stop of appellant's motorcycle. Hence, we will not disturb the trial court's finding that there was probable cause for the trooper to effectuate a traffic stop of appellant's motorcycle. The evidence of appellant's intoxication obtained after the stop was, as a result, properly admitted.

Judgment of Sentence affirmed.

DEL SOLE, J., files a concurring opinion.

DEL SOLE, Judge, concurring:

While I agree with the majority's holding, I reach my conclusion on a different basis. Appellant argues that the dismissal of the case at the preliminary hearing barred the Commonwealth from refiling the charges, requiring that the Commonwealth instead appeal the dismissal. I disagree. Appellant cites to *Commonwealth v. La Belle*, 531 Pa. 256, 612 A.2d 418 (1992) to support his position. *La Belle* is an exception to the general rule that dismissal at a preliminary hearing for lack of a prima facie case does not preclude refiling the charges within the statute of limitations. The *La Belle* court explained the traditional rule, " ... the failure to make a prima facie case has been treated as an interlocutory matter, for at the time it is determined that the prosecution's evidence is deficient, jeopardy has not attached and the state is not out of court because of the adverse determination." *Id.* 612 A.2d at 420. In *La Belle*, the Supreme Court found that the dismissal was not based on a failure to make a prima facie case, but on an application of a rule of law. Nothing the Commonwealth could have done upon refiling would have added to the case; therefore, the Commonwealth's sole remedy was an appeal to

the Court of Common Pleas to preserve the legal question. In the instant case, it is apparent from the transcript of the preliminary hearing that the Commonwealth established a prima facie case for the crimes charged. However, the issuing authority determined the arresting officer had insufficient grounds to stop the Appellant's vehicle and, in effect, suppressed the evidence of Appellant's conduct.[1] Contrary to Appellant's argument, the charges were initially dismissed because the issuing authority concluded there were insufficient facts articulated by the arresting officer to warrant the stop of Appellant. Since this determination is based upon evidence to be presented, it falls within the broad category of cases which have repeatedly held that the Commonwealth may refile charges in order to supplement its presentation and make its prima facie case.

1. I note that a preliminary hearing is not the appropriate place for a suppression motion. Under Pa.R.Crim.P. 323(b), disposition of suppression motions is reserved to the trial court.