J-A20015-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| TAMEIR R. BROWN, | : | |
| | : | |
| Appellee | : | No. 1644 EDA 2014 |

Appeal from the Order May 7, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. MC-51-CR-0031021-2013

BEFORE:  DONOHUE, SHOGAN and WECHT, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 07, 2015**

The Commonwealth appeals from the order entered on May 7, 2014 in the Court of Common Pleas, Philadelphia County, denying the Commonwealth's motion to refile the criminal complaint against Tameir R. Brown ("Brown").  For the reasons set forth herein, we reverse and remand.

A brief summary of the facts and procedural history is as follows.  At approximately 9:30 p.m. on August 9, 2013, Brown was riding as a passenger in the front seat of a vehicle owned by his mother and driven by Cornelius Mines ("Mines").  Brown and Mines were traveling on the 3100 block of North Darien Street in Philadelphia when police officer Mitchell Yanak ("Officer Yanak") and his partner pulled their vehicle over to conduct a vehicle investigation.  As Officer Yanak approached, Mines attempted to get out of the vehicle.  Officer Yanak ordered Mines to stay in the car.

Officer Yanak observed that both Mines and Brown were moving around in the vehicle.  When he got to the car, Mines had his hands concealed by a hooded sweatshirt.  Officer Yanak and his partner removed Mines and Brown from the vehicle for safety reasons.

Officer Yanak returned to the vehicle after placing Mines in his police car and with the assistance of a flashlight, observed a black handgun protruding from the rear center console in plain view.  According to Officer Yanak, approximately one inch of the gun was visible.  Officer Yanak also opened the glove compartment of the vehicle and recovered a clear sandwich bag containing crack cocaine.  The police subsequently obtained a search warrant.  Upon execution of the search warrant, police officer Chris Holmes ("Officer Holmes") recovered two digital scales and numerous new and unused jars with pink lids from the trunk of the vehicle.

Brown was arrested and charged with possession with intent to deliver a controlled substance, 35 P.S. § 780-113(a)(30), conspiracy, 18 Pa.C.S.A. § 903, possession of a controlled substance, 35 P.S. § 780-113(a)(16), persons not to possess firearms, 18 Pa.C.S.A. § 6105, and carrying firearms on public streets or public property in Philadelphia, 18 Pa.C.S.A. § 6108.

A preliminary hearing was held on October 22, 2013.  After the Commonwealth rested its case, Brown moved for the dismissal of all charges against him.  Brown asserted that the Commonwealth was unable to show that he constructively possessed the drugs, the gun, or the digital scales in

the vehicle. The trial court found that the testimony established that Brown was merely a passenger in the vehicle and was not observed accessing the glove compartment or the rear of the vehicle. Thus, the trial court determined that the evidence did not connect Brown to the items recovered from the vehicle and discharged the case against Brown for lack of evidence.

On January 8, 2014, the Commonwealth filed a motion to refile the criminal complaint against Brown. On May 7, 2014, the trial court held a hearing on the motion during which the Commonwealth incorporated the transcripts from the October 22, 2013 hearing into the record. The Commonwealth thereafter attempted to supplement the record by introducing an audio recording of a phone call Brown made while incarcerated that allegedly demonstrated his knowledge of the items in the vehicle and an admission that the items in the vehicle belonged to him. Brown objected to any additional evidence being offered. The trial court granted Brown's objection, finding that the recordings of a conversation that occurred after Brown's arrest were not relevant, and denied the Commonwealth's motion to refile the charges.

On June 3, 2014, the Commonwealth filed a timely notice of appeal, raising the following issue for our review:

> Did the lower court, in considering refiled charges, err in refusing to admit additional evidence in the form of a prison telephone tape of [Brown] admitting that the "stuff" found in the car in which he was arrested for drug and gun possession belonged to

him; and, having erroneously excluded [Brown's] admission, err in holding that the evidence was insufficient for a prima facie case of possession of the gun and drugs?

Commonwealth's Brief at 1.

We begin with our well-settled standard of review regarding the admission of evidence:

Admission or exclusion of evidence at trial rests within the discretion of the trial court. We will not reverse the trial court's decision absent an abuse of that discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. If in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

**Commonwealth v. Williams**, 91 A.3d 240, 242 (Pa. Super. 2014) (internal quotations and citations omitted).

In this case, the evidence at issue is an audio recording of Brown's conversation with a woman while he was incarcerated during which he reportedly claimed ownership of "the stuff in the car." N.T., 5/7/14, at 11. The Commonwealth asserts that the trial court "misapplied the applicable law governing the admissibility of evidence at a preliminary hearing, [and] abused its discretion in precluding the tape [recording]." Commonwealth's Brief at 10. The Commonwealth specifically argues that the evidence was relevant because it had "an obvious, logical tendency to make more

- 4 -

probable the existence of his dominion and control over the contraband – a material fact of great consequence to the determination of the refiling action – than it would if that evidence did not exist." **Id.** at 9-10; **see** Pa.R.E. 401. After reviewing the record, we agree.

The weapon and drugs were not found on Brown's person and thus, the Commonwealth was required to establish that Brown constructively possessed the items. **See Commonwealth v. Vargas**, 108 A.3d 858, 868 (Pa. Super. 2014) (stating, "If the contraband is not discovered on the defendant's person, the Commonwealth may satisfy its evidentiary burden by proving that the defendant had constructive possession ….") (citation omitted).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

**Commonwealth v. Brown**, 48 A.3d 426, 430 (Pa. Super. 2012), (quoting **Commonwealth v. Parker**, 847 A.2d 745, 750 (Pa. Super. 2004), *appeal denied*, 63 A.3d 1243 (Pa. 2013)).

The question presented to this Court, therefore, is whether the recording of Brown's telephone call provides relevant evidence to prove that he was in constructive possession of the weapon and the drugs. The trial court excluded the audio recording, finding that it was not relevant, after the following exchange:

> [COMMONWEALTH]: And, Your Honor, as C-3, I'd ask to play one call. I'll fast forward to the relevant part to demonstrate the defendant's knowledge of those items in that vehicle.
>
> THE COURT: Any response, Mr. Stein?
>
> [DEFENSE COUNSEL]: I object to any additional evidence being offered at this time, Your Honor.
>
> [COMMONWEALTH]: Your Honor, we always have the right to submit --
>
> [DEFENSE COUNSEL]: The record from the Preliminary Hearing is quite clear cut. There was not enough evidence to establish this defendant was exercising any kind of dominion control over any of the contraband or the firearm or controlled substances that were in the vehicle.
>
> THE COURT: All right. I'm going to grant Mr. Stein's request that you not play the tape.
>
> [COMMONWEALTH]: Your Honor, under what basis? I have the right to supplement the record. It's the defendant's own statements.
>
> THE COURT: Yes, but this is subsequent, I'm assuming, to this incident?
>
> [COMMONWEALTH]: No, actually, well, it's when he's --

THE COURT: I mean it wasn't done at the time of the alleged arrest or anything, correct?

[DEFENSE COUNSEL]: Right.

[COMMONWEALTH]: No it wasn't, but it's still his statements that could be used against him.

THE COURT: No. Anything else, sir?

[COMMONWEALTH]: Your Honor, I'd ask to just put on the record the basis for denying my request to supplement this record with the prison calls?

THE COURT: I don't see any relevance to it, if it took place, whatever this alleged tape is the conversation that took place after the arrest of this incident.

[COMMONWEALTH]: Your Honor, we wouldn't know the relevance unless we actually heard the context of the call. I can give you an offer of proof.

THE COURT: No. In fact, do you have anything else?

[COMMONWEALTH]: No. Can I just place on the record what my offer of proof would be?

THE COURT: Yes. You can place it on the record.

[COMMONWEALTH]: Offer of proof, prison call on 8/16, I believe, this arrest is on the ninth. I'm sorry, the twelfth of August. The call is from the defendant speaking to a female. It's my position it's his mother. The mother is asking him, "The stuff in the car, was it yours?" The defendant states, "Yes. It was mine."

* * *

THE COURT: I'm going to deny the refile of this matter.

N.T., 5/7/14, at 9-11.

In its subsequent opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, the trial court stated:

> The permitting of a recording, post-incident, from a prison recording in this matter is speculative and unverified. It was properly disallowed as many different scenarios could be interpreted by such evidence, not providing the trustworthy evidence needed to hold the defendant on the charges, given the factual basis already provided in the record.
>
> * * *
>
> In sum, although one might be suspicious that the defendant constructively possessed a firearm, suspicion and conjecture do not constitute a *prima facie* case.

Trial Court Opinion, 1/22/15, at 5.

It is well settled that "[t]he preliminary hearing is not a trial. The principal function of a preliminary hearing is to protect an individual's right against an unlawful arrest and detention." *Commonwealth v. Sebek*, 716 A.2d 1266, 1268-69 (Pa. Super. 1998) (emphasis in original) (quoting *Commonwealth v. McBride*, 595 A.2d 589, 591 (Pa. 1991)). "The Commonwealth's duty at a preliminary hearing is to present a prima facie case." *Commonwealth v. Claffey*, 80 A.3d 780, 788 (Pa. Super. 2013).

> A prima facie case consists of evidence, read in the light most favorable to the Commonwealth, that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime. In determining the presence or absence of a prima facie case, inferences reasonably drawn from the evidence of

> record that would support a verdict of guilty are to be given effect, but suspicion and conjecture are not evidence and are unacceptable as such.
>
> Stated another way, a prima facie case in support of an accused's guilt consists of evidence that, if accepted as true, would warrant submission of the case to a jury. Therefore, proof of the accused's guilt need not be established at this stage.

***Commonwealth v. Cordoba***, 902 A.2d 1280, 1285 (Pa. Super. 2006) (quoting ***Commonwealth v. Miller***, 810 A.2d 178, 181 (Pa. Super. 2002) (citations omitted)).

Rule 401 of the Pennsylvania Rules of Evidence provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. In this case, the evidence from the audio recording had a tendency to make the issue of whether Brown constructively possessed the drugs and the gun, a fact of consequence in determining the action, more probable than it would be without the evidence. The excluded audio recording allegedly contained an admission by Brown that items in a car were his. Although Brown apparently did not identify the items or the vehicle, the telephone call in the audio recording is alleged to have occurred a mere three days after Brown was arrested while he was incarcerated on the charges stemming from the arrest. Viewed in a light most favorable to the Commonwealth, this

evidence could support the Commonwealth's position that Brown was not merely a passenger in the vehicle as the trial court found at the preliminary hearing held on October 22, 2013, and that the items in the vehicle belonged to Brown. Accordingly, we conclude that the evidence was relevant to connect Brown to the items recovered from the vehicle and therefore, was relevant to the Commonwealth's prima facie case against Brown. The trial court's exclusion of the evidence on the basis that it was not relevant was improper and an abuse of discretion.[1]

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2015

---

[1] Given our disposition that the trial court abused its discretion by improperly excluding relevant evidence, we decline the Commonwealth's invitation to determine whether the evidence presented was sufficient to establish a prima facie case of possession. On remand, after admitting the audio recording and hearing it, the trial court should make this determination.