J-A08039-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| DEMETRIUS PINCKNEY, | : | |
| Appellee | : | No. 1385 EDA 2014 |

Appeal from the Order April 3, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0040457-2013

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY: STRASSBURGER, J.:                **FILED JUNE 07, 2016**

The Commonwealth appeals from the April 3, 2014 order denying its motion to refile charges against Demetrius Pinckney (Appellee). After review, we reverse the lower court's order and remand for further proceedings.

On October 18, 2013, Appellee was arrested and charged with two violations of the Uniform Firearms Act: possession of a firearm without a license and possession of a firearm on the streets of Philadelphia.  On December 10, 2013, at the preliminary hearing on those charges, Officer Timothy Gibson testified that on the evening of October 17, 2013, he was on patrol and was called to investigate the report of a robbery-in-progress near the intersection of 10th and Susquehanna Streets in Philadelphia.  The victim of the alleged robbery was placed in Officer Gibson's patrol vehicle and

*Retired Senior Judge assigned to the Superior Court.

driven around the area in an attempt to identify a suspect. As they approached the intersection of 12th and Susquehanna Streets, the victim observed Appellee and identified him as the robber.[1] Officer Gibson testified that he then exited his patrol car and ordered Appellee to stop. He observed Appellee reach for a large bulge at the front of his waistband and run to the front door of 2135 North 12th Street. Because he suspected Appellee was armed, Officer Gibson called for backup instead of pursuing Appellee into 2135 North 12th Street. Minutes later, Appellee was apprehended as he exited the back door of the home. Following a search, a silver magazine containing live .45 caliber ammunition was recovered from the kitchen sink of the home and a black Ruger .45 caliber handgun with a silver slide was recovered from the tank of an uninstalled toilet on the second floor.

At the end of the preliminary hearing, the Honorable Marvin L. Williams discharged the complaint against Appellee for lack of evidence. On December 17, 2013, the Commonwealth filed notice of its intent to refile charges against Appellee.

A hearing on the Commonwealth's motion to refile charges was held on April 2 and 3, 2014. In addition to the facts elicited at the preliminary hearing, the Commonwealth produced the testimony of Officer Leonard Williams who interviewed Appellee after his arrest and took a statement

_____

[1] It was later determined that the robbery victim misidentified Appellee as the person who robbed her. This information was clarified by the Commonwealth at the hearing on its motion to refile charges. N.T., 4/2/2014, at 5-11.

wherein Appellee confessed to possession of the handgun recovered from 2135 North 12th Street. Following the hearing, the Honorable Joan A. Brown determined that the Commonwealth had failed to present a *prima facie* case and denied the motion to refile charges. This timely appeal followed. Both the Commonwealth and the lower court complied with Pa.R.A.P. 1925.

The Commonwealth presents one issue for this Court's review: "Did the lower court err in holding that the Commonwealth failed to present *prima facie* evidence that [Appellee] violated the Uniform Firearms Act where he was unlicensed, he confessed to carrying a gun, and police recovered the gun after he discarded it in a nearby toilet?" Commonwealth's Brief at 4.

We address the Commonwealth's claim mindful of the following. It is well-settled that "[t]he preliminary hearing is not a trial. The principal function of a preliminary hearing is to protect an individual's right against an unlawful arrest and detention." ***Commonwealth v. Sebek***, 716 A.2d 1266, 1268-69 (Pa. Super. 1998) (emphasis and quotation omitted).

> At the preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a *prima facie* case of guilt. A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury.

***Commonwealth v. Karetny***, 880 A.2d 505, 513-14 (Pa. 2005) (citations omitted). "It is settled that the evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary." ***Id.*** at 513.

The relevant portions of the Uniform Firearms Act at issue here required that the Commonwealth offer evidence that Appellee carried a firearm, as that term is defined by statute, concealed on or about his person, without a valid and lawfully issued license to do so. 18 Pa.C.S. § 6106. Further, the Commonwealth must prove that he carried this firearm on the public streets in Philadelphia, a city of the first class where such possession is prohibited. 18 Pa.C.S. § 6108.

The lower court determined that the Commonwealth had failed to meet its burden because "[t]he incident took place at night and happened very quickly" and Officer Gibson's belief that Appellee possessed a firearm was purely speculative. Lower Court Opinion, 1/22/2015, at 3-4. We disagree.

The facts presented herein demonstrate that the Commonwealth met its burden. Officer Gibson testified that once Appellee was identified by the robbery victim, he ordered Appellee to stop, at which time Appellee grabbed at a bulge on his waistband and ran to the door of a rowhome. Appellee was apprehended minutes later, exiting the back door of the home. A resident of the home gave the officers permission to search and a firearm and magazine were recovered. Appellee did not have a license to carry a concealed

firearm. Following his arrest, Appellee confessed to possession of the firearm and admitted that he hid the magazine and the gun in 2135 North 12th Street.

In order to establish a *prima facie* case, "the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury." **Karetny***,* 180 A.2d at 514.[2] In light of this standard, we conclude that the lower court erred in denying the Commonwealth's motion to refile charges against Appellee. Accordingly, we vacate the lower court's order and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

---

[2] It is immaterial for our purposes that others were present in the home, or that Appellee was later determined not to be the perpetrator of the robbery. Those issues, and the validity of Appellee's confession, may be best challenged at a suppression hearing or argued at trial. **See Commonwealth v. Marti**, 779 A.2d 1177, 1180 (Pa. Super. 2001) (stating, "The weight and credibility of the evidence are not factors at [the pre-trial] stage, and the Commonwealth need only demonstrate sufficient probable cause to believe the person charged has committed the offense.").

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 6/7/2016