J-S23022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL R. BRAMOWSKI | : | |
| | : | |
| Appellant | : | No. 3469 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 21, 2019
In the Court of Common Pleas of Chester County Criminal Division at No(s):
CP-15-CR-0002060-2018

BEFORE:  NICHOLS, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McCAFFERY, J.:                    **FILED JULY 24, 2020**

Michael R. Bramowski (Appellant) appeals from his judgment of sentence for driving under the influence[1] (DUI) imposed by the Chester County Court of Common Pleas.  Appellant raises two arguments on appeal:  that his stop was illegal and should have been suppressed, and that the evidence was insufficient to support his conviction.  We affirm.

On February 19, 2018, at approximately 8:22 p.m., Officer Michael Cermignano of the Tredyffrin Township Police Department was traveling southbound on Route 202 in an unmarked patrol vehicle.[2]  As he exited Route 202 via an off-ramp at Paoli for Route 252 southbound, he saw a silver

---

[1] Appellant was convicted of a violation of 75 Pa.C.S. § 3802(d)(3) as a first offense.

[2] This recitation of the facts is distilled from the findings of fact in the trial court's suppression opinion.  Tr. Ct. Op., 8/12/19, at 2-6.

Chevrolet Tahoe in front of him. He noticed that as the Tahoe slowed, one of its brake lights was not functioning. He also saw that the Tahoe was traveling at an unusually slow speed.

As Officer Cermignano passed the Tahoe, he noticed that other vehicles were also passing the Tahoe, which was still traveling at a slow pace. Although the speed limit on Route 252 is 45 miles per hour, it appeared that the Tahoe was proceeding at approximately 10 to 20 miles per hour. The officer decided to conduct a traffic stop.

Officer Cermignano allowed the Tahoe to pass him and activated his emergency lights and his Mobile Video Recorder (MVR). The MVR recording, which was admitted in the suppression hearing, shows that the Tahoe's left rear brake light was not functioning.

The Tahoe first signaled right, though there was no right turn available, and then signaled left and turned onto Maple Avenue, pulling over and stopping. Appellant was the sole occupant of the Tahoe. He was arrested and charged based on Officer Cermignano's observations following the stop.

Appellant failed to make timely compliance with Pa.R.A.P. 1925(b); the trial court issued its order thereunder on December 9, 2019, and Appellant filed his Rule 1925(b) statement on January 3, 2020, while it was due on December 30th. However, because the trial court issued thorough findings

and conclusions in the form of an opinion after its suppression hearing, we will not find the issue of suppression waived.[3]

Appellant argues that, by not initiating the stop earlier, the officer effectively abandoned the brake light failure as a reason for a traffic stop, and that driving slowly is insufficient, on its own, to justify a traffic stop. Appellant's Brief at 14-15. The Commonwealth argues that the trial court correctly determined that the stop was supported by probable cause. Commonwealth's Brief at 9.

The trial court concluded that the traffic stop was lawful, based on the arresting officer's observation of the brake light malfunction and his testimony that he would have delayed the stop in any event, as he initially noticed the malfunction while the Tahoe was on an off ramp, a dangerous place to conduct such a stop. Tr. Ct. Op., 8/12/19, at 13-14.

This Court reviews suppression motions as follows.

> We begin by noting that where a motion to suppress has been filed, the burden is on the Commonwealth to establish by a preponderance of the evidence that the challenged evidence is admissible. In reviewing the ruling of a suppression court, our task is to determine whether the factual findings are supported by the record. If so, we are bound by those findings. Where, as here, it is the Commonwealth who is appealing the decision of the suppression court, we must consider only the evidence of the

---

[3] Appellant's sufficiency argument depends wholly on the success of the suppression argument, as Appellant argues only that "if probable cause to stop [Appellant's] vehicle was lacking, then under the standard of review, the stop of his vehicle was illegal and the evidence against him was therefore lacking in the sufficiency necessary to sustain his conviction." Appellant's Brief at 41.

> defendant's witnesses and so much of the evidence for the prosecution as read in the context of the record as a whole remains uncontradicted.
>
> Moreover, if the evidence supports the factual findings of the suppression court, this Court will reverse only if there is an error in the legal conclusions drawn from those findings.

**Commonwealth v. Burgos**, 64 A.3d 641, 647 (Pa. Super. 2013) (citation omitted).

"With respect to a warrantless search of a vehicle, Pennsylvania's law is 'coextensive' with federal law under the Fourth Amendment of the U.S. Constitution." **Commonwealth v. Glass**, 200 A.3d 477, 488 (Pa. Super. 2018), **appeal denied**, 216 A.3d 226 (Pa. 2019). An investigatory stop, in which suspects are stopped and detained for a limited period but not subjected to the level of coercion or intrusion that an arrest imposes, requires reasonable suspicion that criminal activity is afoot. **Terry v. Ohio**, 392 U.S. 1, 21 (1968); **Commonwealth v. Melendez**, 676 A.2d 226, 228–30 (Pa. 1996).

Pennsylvania law requires that motor vehicles have operating taillights. 75 Pa.C.S. § 4303(b) ("[e]very vehicle operated on a highway shall be equipped with a rear lighting system . . . ). Appellant does not dispute the "initial minor infraction" which was also captured in the arresting officer's video recording.[4] Appellant's theory, rather, is that the arresting officer somehow abandoned this rationale for the traffic stop, and instead pulled Appellant over solely because he was driving at such an unusually slow pace

---

[4] **See** Appellant's Brief at 14.

that traffic had to divert itself around his vehicle. This, he argues, is impermissible.

Because the arresting officer continued to observe Appellant from when he initially noticed the broken taillight to the traffic stop, we cannot conclude that the broken taillight was somehow no longer an adequate reason for the stop. Further, Appellant can cite no law for his theory that the gap between when the officer first noticed the taillight and when he initiated the stop, during which the parties traveled approximately two miles, renders the stop unconstitutional.

Observance of a light malfunction supports a constitutional traffic stop. *See, e.g., Commonwealth v. Sebek*, 716 A.2d 1266 (Pa. Super. 1998) (trooper had probable cause for traffic stop of motorcycle, upon observing non-functional taillight); *Commonwealth v. Hynes*, 730 A.2d 960 (Pa. Super. 1999) (traffic stop constitutional where officer saw that vehicle's headlights were knocked askew and one lamp lay approximately six inches higher than the other); *see also* 75 Pa.C.S. § 6308(b) ("[w]henever a police officer . . . has reasonable suspicion that a violation of [Title 75] is occurring or has occurred, he may stop a vehicle, upon request or signal . . .").[5]

---

[5] Because we hold that the rear light malfunction was sufficient to support the stop, we need not examine the Commonwealth's argument that the stop was also supported by probable cause that Appellant was violating 75 Pa. C.S. § 3364(a) ("Except when reduced speed is necessary for safe operation or in compliance with law, no person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic.") and reasonable suspicion of DUI (Commonwealth's Brief at 15-17).

Under **Whren v. U.S.**, 517 U.S. 806, 812-13 (1996), ulterior motive on the part of a police officer does not render a traffic stop invalid. Thus, even if we believed that Officer Cermignano was not primarily motivated by the broken taillight at the time he pulled Appellant over, it would not matter.

Because the traffic stop was supported by the arresting officer's observation of a non-functioning taillight, there is no basis to upset the trial court's denial of Appellant's suppression motion.

Judgment of sentence affirmed.

Judge Nichols and President Judge Emeritus Ford Elliott both concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/20