J-S13037-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| E.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.G., | : | |
| | : | |
| Appellant | : | No. 1413 WDA 2017 |

Appeal from the Order August 16, 2017
in the Court of Common Pleas of Erie County,
Domestic Relations at No(s): NS201700402

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED JUNE 15, 2018

J.G. ("Father"), pro se, appeals from the Order assessing him a support obligation of $396.91 per month plus arrearages for Em.M. ("Child"). We affirm.

The trial court set forth the relevant underlying facts as follows:

On April 5, 2017, [E.M.] (hereinafter "Mother") filed a Complaint for Support of [Child], born January [] 2017. On April 6, 2017, the Domestic Relations Office ("DRO") sent Father a copy of the Complaint for Support and a paternity packet. See Notes of Testimony, May 25, 2017; see also Summary of Trier of Fact, July 24, 2017. The Certified Mail Return receipt indicates that [the] Complaint and paternity packet were received by Father. See id.; see also Return Receipt for Certified Mail [I]tem [N]umber 9171969009350057240319.

By letter dated April 17, 2017, Father contested jurisdiction and alleged that he does not know Mother. See Notes of Testimony, May 25, 2017; see also Summary of Trier of Fact, July 24, 2017. As a result of Father's letter, DRO scheduled a May 25, 2017 hearing before the [trial court] regarding jurisdiction. DRO notified Father of the hearing by an April 25, 2017 Order for Court Hearing. An application to participate in the hearing via telephone

accompanied the April 25th Order for Court Hearing sent to Father. See Notes of Testimony, May 25, 2017.

On May 4, 2017, Father filed a Request for Proof of Jurisdiction asserting:

[On] April 2017, your administration sent me a letter concerning a [C]omplaint for child support, in response, I written [sic] you a letter stating that I do not know the plaintiff; I never spent time in Pennsylvania, and a demand for proof of jurisdiction on record; jurisdiction can never [be] presumed, never be waved [sic].

[On] April 29, 2017[,] I received a letter from your administration ordering me to appear in court without providing proof of jurisdiction on record; "There is no discretion to ignore lack of jurisdiction." Joyce v. U.S.[,] 474 2D 215 (3rd circuit 1973); the court [O]rder isn't even signed by the processing judge[.] Therefore, its void.

Please be advice [sic], if your administration cause me any grief concerning this matter; a claim will be filled [sic] pursuant to 42 US 1983, your jurisdiction is not of the constitution; [Mother] failed to state the claim.

In response to Father's May 4, 2017 Request for Proof of Jurisdiction, DRO sent Father [the] May 5, 2017 correspondence explaining that the hearing was scheduled to address jurisdiction and that failure to appear may result in default. See Notes of Testimony, May 25, 2017; see also Summary of Trier of Fact, July 24, 2017. The correspondence further included an application to participate in the hearing via telephone. See id. Father neither returned the application for telephone appearance nor appeared at the hearing. See id.

Following the May 25, 2017 hearing, th[e trial c]ourt issued an Order of the same date as follows:

De Novo hearing was held on 05/25/17 in front of the Honorable Elizabeth K. Kelly to address [Father's] contest to jurisdiction. [Mother] was present for the hearing. [Father] failed to appear and failed to return the telephone appearance application. Based on the facts of the case

- 2 -

> presented by Domestic Relations and testimony from [Mother], the court orders the following:
>
> [Father's] contest on the basis of jurisdiction is denied. On the issue of paternity, [Father] has been served. Therefore[, Father] shall be defaulted as the father of [Child].
>
> An additional May 25, 2017 Order of Court issued indicating that Father was [Child's] biological father and ordering that the matter be set for a support conference.
>
> As a result, a May 26, 2017 Order of Court directed Father to appear at a conference before a conference officer of DRO. Father did not appear for the conference[.] [H]owever, [the trial court issued] a July 24, 2017 Interim Order of Court [] assessing Father with a $396.91 support obligation plus arrears. The Order directed[,] "[t]his temporary [O]rder shall become final in twenty (20) days, unless a demand for a hearing is filed within said twenty (20) days."
>
> Neither party filed a demand for hearing before the court. [The July 24, 2017 Interim Order was marked as a final Order on the docket on August 16, 2017.] [O]n September 18, 2017, Father filed his appeal.[1] Father failed to serve his Notice of Appeal upon the [c]ourt. Nevertheless, upon receipt of notice from the

---

[1] We decline to quash Father's appeal for being untimely filed. It is well-settled that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). "The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P. 108(b). Rule 236(b) requires that "[t]he prothonotary shall note in the docket the giving of the notice...." Pa.R.C.P. 236(b). "Thus, pursuant to the express terms of the rules, an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given." Frazier v. City of Philadelphia, 735 A.2d 113, 115 (Pa. 1999) (citations omitted). Here, the Order at issue was entered on the docket on August 16, 2017, but there is no indication when notice was provided to the parties. Thus, the docket entries in this case do not comply with Rule 236(b), and the appeal period was not properly triggered. See In re L.M., 923 A.2d 505, 509 (Pa. Super. 2007). Accordingly, we will address Father's appeal.

Superior Court indicating that Father filed an appeal, th[e trial c]ourt, on October 10, 2017, ordered Father to comply with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure and file of record and serve on the [c]ourt a concise statement of the errors complained of on appeal within twenty-one days of entry of the Order. Father, on October 20, 2017, filed his statement of errors but failed to serve the same on the [trial court].

Trial Court Opinion, 11/14/17, at 2-4 (footnotes omitted, footnote added).

Father raises the following questions for our review:

[1.] Did the [trial] court have subject matter, personal jurisdiction[;] what delegated authority gave [the trial] court to act in this judicial capacity?

[2.] Does [d]omestic relations violate separation [of] power[s] clause[;] do they have judicial power to issue court orders; subpoenas, paternity packages to [Father], make default judgments[?]

Brief for Appellant at 5.

First, Father contends that the trial court did not have personal jurisdiction over him. Id. at 10, 11. Father argues that he does not know Mother and has never spent time in Pennsylvania. Id. at 11. Father thus asserts that he did not have minimum contacts in Pennsylvania. Id.

The trial court addressed Father's contention as follows:

Father's initial challenge to jurisdiction was via a letter to DRO with the bare assertion that Pennsylvania lacked personal jurisdiction. As a result, the [trial c]ourt gave Father the opportunity to support his assertion by scheduling a hearing on jurisdiction. Father was served notice of said hearing. Nevertheless, he failed to participate in the hearing or in any way present evidence to support his objection. In other words, despite a clear opportunity to litigate the issue of jurisdiction, Father failed to support his claim. Meanwhile, a mere objection to personal jurisdiction over a defendant does not place the burden on the plaintiff to negate such allegations; instead, the defendant bears

> the burden of supporting the objection by presenting evidence. See Gall v. Hammer, 617 A.2d 23, 24 (Pa. Super. 1992); see also Scoggins v. Scoggins, 555 A.2d 1314, 1317-18 (Pa. Super. 1989).
>
> Without any support for his objection, Father failed to shift the burden of proof to Mother. As a result, Father's ... allegations of error are without merit.

Trial Court Opinion, 11/14/17, at 4-5. We agree with the sound reasoning of the trial court and affirm on this basis. See id.; see also De Lage Landen Servs., Inc. v. Urban P'ship, LLC, 903 A.2d 586, 590 (Pa. Super. 2006) (noting that when a defendant raises a personal jurisdiction challenge, they bear the burden of supporting such a challenge by presenting evidence and that the burden of proof only shifts to the plaintiff after the defendant presents affidavits or other evidence supporting their challenge).[2]

Next, Father contends that the trial court did not have authority to enter a finding that he was father of Child, after Father had refused to take a DNA test. Brief for Appellant at 7, 10; see also id. at 12 (arguing that the trial court could not enter a default finding).

The trial court addressed Father's claim as follows:

With regard to paternity, the Domestic Relations Code provides:

> Default.—The court shall enter a default order establishing paternity and enforcing support upon a showing that the defendant has been properly served and has not appeared.

_____

[2] Father also contends that Mother did not have standing to pursue her action. Brief for Appellant at 10-11. However, Father did not raise this claim in his Rule 1925(b) Concise Statement. Thus, the contention is waived on appeal. See Love v. Love, 33 A.3d 1268, 1273 (Pa. Super. 2011).

23 Pa.C.S.A. § 4342(e).  The Pennsylvania Rules of Civil Procedure further provide:

> Failure to Appear. If defendant fails to appear as ordered for a conference, hearing or trial, or for genetic tests, the court shall, upon proof of service on the defendant, enter an order establishing paternity. The court may also enter an interim order for child support at that time and shall refer the action to conference and hearing as in other actions for support.

> Pa.R.C.P. 1910.15(e).

> Consistent with Section 4342(e) of the Domestic Relations Code and Rule 1910.15(e), [the trial court] issued an [O]rder finding that Father was [Child's] father for purposes of support.[3]  As indicated above, Father was served the Complaint and notice of the hearing.  Notice to [F]ather included clear direction that failure to appeal could result in entry of a default paternity order.  Moreover, Father had an opportunity to participate and was even provided, on two separate occasions, information on how to participate in the proceedings by telephone.  Father's failure to appear prior to entry of the default [O]rder cannot be excused.

> Accordingly, Father's [] allegation of error is without merit.

Trial Court Opinion, 11/14/17, at 5-6 (footnote added).  Upon our review of

the record, we agree with the sound reasoning of the trial court and affirm on

_____

[3] "An order establishing paternity is not an appealable order.  The issue of paternity may be included in an appeal from the final order of child support."  Pa.R.C.P. 1910.15(f).

this basis. See id.[4]

Father additionally contends that he was not properly served. Brief for Appellant at 11. Father fails to provide any discussion or cite to any pertinent authority to support his contention; thus, it is waived. See Pa.R.A.P. 2119(a); see also Jones v. Jones, 878 A.2d 86, 90 (Pa. Super. 2005) (noting that "a failure to argue and to cite any authority supporting any argument constitutes a waiver of issues on appeal.").[5]

Because Father's argument on this matter consists of conclusory allegations and discussion of inapposite case law, we conclude that he has not demonstrated error by the trial court. See Miller v. Miller, 744 A.2d 778, 788 (Pa. Super. 1999) (noting that "[i]t is the [a]ppellant who has the burden

_____

[4] Father also argues that the Domestic Relations Code is void, and that the Rules of Civil Procedure are void because they do not include an enacting clause. Brief for Appellant at 7-9. Father waived these arguments for failing to raise them in his Concise Statement. See Love, 33 A.3d at 1273. Moreover, in his brief, Father supports his arguments with citations to case law from other jurisdictions, but does not indicate how such cases apply to the Domestic Relations Code or the Pennsylvania Rules of Civil Procedure. See Pa.R.A.P. 2119(a) (noting that the argument section must contain pertinent citations to authorities).

[5] In any event, the trial court found that Father's assertion regarding service was without merit. The trial court noted that DRO presented postal service receipts indicating Father had been served. See Trial Court Opinion, 11/14/17, at 6; see also Pa.R.C.P. 1930.4 (governing the service of process in domestic relations matters). The trial court further noted "it is clear from Father's contact with DRO that he received notice of the action and the hearing." Trial Court Opinion, 11/14/17, at 6 n.6.

of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/15/2018